**E-FILED**

Monday, 20 December, 2004  01:52:04 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS,<br>      Plaintiffs,<br><br>v.<br><br>TERRY SCHAAFSMA and BRUCE SCHAAFSMA both d/b/a THE GRAND FARM and both d/b/a SCHAAFSMA FARM,<br>      Defendants. | No. **04-2284**<br><br>**JURY DEMAND**<br><br>**FILED**<br><br>DEC 20 2004<br><br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br>URBANA, IL |

## COMPLAINT AT LAW

Plaintiffs, MARIA SANTILLAN as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS by THOMAS E. McCLURE, their attorney, for their complaint against Defendants, TERRY SCHAAFSMA and BRUCE SCHAAFSMA, states as follows:

## JURISDICTION AND PARTIES

1.    This Court has jurisdiction over the subject matter of this action pursuant to the Migrant and Seasonal Agricultural Worker Protection Act [hereinafter referred to as "AWPA"] 29 U.S.C. § 1854 and 28 U.S.C. § 1331.

2.    Plaintiff MARIA SANTILLAN is the duly appointed Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, deceased, who resides in the Central District of Illinois.

3.    Plaintiffs RIGOBERTO LOPEZ [hereinafter referred to as "Lopez"] and AQUILEO ARIAS [hereinafter referred to as "Arias"] reside in the Central District of the State of Illinois.

1

4.    Esequiel Santillan [hereinafter referred to as "Santillan"], Lopez, and Arias at all relevant times worked in Kankakee County, Illinois, as "migrant agricultural worker[s]" pursuant to Section 1802(8) of AWPA, 29 U.S.C. § 1802(8).

5.    On information and belief Defendant TERRY SCHAAFSMA and BRUCE SCHAAFSMA at all relevant times were co-owners of a family operation located in Kankakee County, Illinois known as "THE GRAND FARM" and "SCHAAFSMA FARM."

6.    At the time suit was filed, Defendants, TERRY SCHAAFSMA and BRUCE SCHAAFSMA were, and to the present remain, citizens of the State of Illinois. Defendants were "agricultural employers" pursuant to Section 1802(2) of AWPA, 29 U.S.C. § 1802(2).

7.    This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

8.    Defendants reside in the Central District of Illinois and the actions complained of herein took place within this district, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## DEFENDANTS' DUTIES UNDER AWPA

9.    As agricultural employers subject to AWPA, Defendants were subject to the duties and obligations imposed thereby, and also to the duties and obligations imposed by its accompanying regulations prescribed by the United States Department of Labor, 29 C.F.R. § 500.10 et seq. (the Regulations).

10.    These duties imposed by AWPA upon Defendants included the duty to protect the health and safety of Santillan, Lopez, and Arias, including, without limitation, the following:

> a.    The duty to ensure that the driver of any vehicle used to provide transportation to Santillan, Lopez, and Arias satisfied the physical,

2

> health, and experience requirements prescribed in the Regulations, 29
> C.F.R. § 500.105; and

b. The duty to ensure that the driver of any vehicle used to provide
transportation to Santillan, Lopez, and Arias had a valid and appropriate
driver's license to operate said vehicle pursuant to 29 U.S.C. § 1841(b) (1)
(B) and 29 C.F.R. § 500.105(b) (1) (iii) (E).

c. The duty imposed by 29 C.F.R. § 500.105(b) (2) and (3), including,
without limitation, that driving rules were to be obeyed, and the duty to
instruct their officers, agents, representatives and drivers with respect to
the requirements of 29 C.F.R. § 500.105(b) (2); the duty to take such
measures as were necessary to insure compliance therewith; the duty to
ensure that each person being transported be provided a seat meeting
regulation requirements, and be seated while transported.

d. The duty imposed by 29 C.F.R. § 500.105(2) (vii) (D) to provide adequate
protection to passengers from injury as a result of the displacement of
falling of articles of property stowed on a vehicle.

## DEFENDANTS' WRONGFUL CONDUCT

11. On September 8, 2004, Defendants provided transportation to Santillan, Lopez,

and Arias by means of a 1983 Ford farm truck owned by Defendants and driven by Jorge

Calero.

12. On said date, Jorge Calero was an employee of Defendants.

13. On information and belief, on said date, Jorge Calero did not have a valid and

appropriate driver's license to operate the aforesaid truck, as required by AWPA and the

Regulations, and defendants had knowledge thereof.

14. On said date, Santillan, Lopez, and Arias were passengers in the aforesaid truck

being driven by Jorge Calero on 1308 S. Wichert North Road, Ganeer Township, Kankakee

County when they were ejected from the truck as a proximate result of the negligent driving of

Jorge Calero.

15. As a proximate result of the foregoing, Santillan died and Lopez and Arias

suffered serious personal injuries.

3

16.     In connection with the foregoing, the defendants intentionally violated one or

more of the requirements of AWPA and the Regulations, including, without limitation, the

following:

- a.    Failed to ensure that the driver of the aforesaid truck, Jorge Calero, satisfied the applicable physical, health and experience requirements set forth in paragraph 12(a) above;

- b.    Failed to ensure that the driver of the aforesaid truck, Jorge Calero, had the required valid and appropriate license to operate the truck, as set forth in paragraph 12(b) above; and

- c.    Failed to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith; failed to ensure that persons being transported were provided with a property seat; and failed to ensure that persons being transported were seated.

- d.    Failed to provide adequate protection to Santillan, Lopez, and Arias from injury as a result of the displacement of articles of property stowed on the truck.

### FIRST CLAIM
### (Santillan - - Survival Action - - AWPA Violation)

16.     Plaintiff MARIA SANTILLAN realleges and incorporates by reference the

allegations contained in paragraphs 1 through 16 above.

17.     As a direct and proximate result of the foregoing, Plaintiff's decedent Santillan

was caused to suffer grievous injuries over his entire body and limbs and to thereby undergo

great conscious pain and suffering until such time as he died from these injuries on September

9, 2004.

18.     Plaintiff MARIA SANTILLAN acts herein as the Special Administrator of the

Estate of Esequiel Santillan, Deceased.

19.     Defendants are liable for the injuries to Santillan for violations of AWPA and the

Regulations thereunder.

4

WHEREFORE, Plaintiff MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, Deceased, requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## SECOND CLAIM
### (Santillan - - Wrongful Death - - AWPA Violation)

1-16.   Plaintiff MARIA SANTILLAN realleges and incorporates by reference the allegations contained in paragraph 1 through 16 of the First Claim above as paragraphs 1 through 16 of the Second Claim.

17.   ESEQUIEL SANTILLAN left surviving him Carmen Santillan, his wife; Cecilia Santillan, Adriana Santillan, Ana P. Pizano, Nora Santillan, Laura L. Vasquez, Claudia Santillan, Maria S. Garcia, and Gloria Munoz, his daughters; and Juan R. Santillan his son, as his dependent next of kin, who have suffered pecuniary loss and damage by reason of his death, including funeral expenses, and further have been deprived of his support, society, and maintenance and of those services the decedent would have continued for his wife and children had he lived.

18.   Defendants are liable for the damages to Santillan's next of kin for violations of AWPA and the Regulations thereunder.

WHEREFORE, Plaintiff MARIA SANTILLAN, as Special Administrator of the Estate of Esequiel Santillan, deceased, requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## THIRD CLAIM
### (Santillan - - Survival Action - - Negligent Entrustment)

1-16.    Plaintiff MARIA SANTILLAN realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of the First Claim as paragraphs 1 through 16 of the Third Claim.

17.    Defendants knew or should have known that Jorge Calero was an inexperienced, unlicensed and/or incompetent driver.

18.    Defendants owed a duty to Santillan to deny the entrustment of the aforesaid truck to a driver they knew, or should have known, was inexperienced, unlicensed and/or incompetent.

19.    Defendants are liable for the injuries to Santillan under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff, MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, Deceased, requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## FOURTH CLAIM
### (Santillan - - Wrongful Death - - Negligent Entrustment)

1-16.    Plaintiff MARIA SANTILLAN realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of the First Claim as paragraphs 1 through 16 of the Fourth Claim.

17.    Defendants are liable for the damages to Santillan's next of kin under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff MARIA SANTILLAN as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, Deceased, requests judgment against Defendants TERRY

SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## FIFTH CLAIM
### (Lopez - - AWPA Violation)

1-16.    Plaintiff RIGOBERTO LOPEZ realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of the First Claim as paragraphs 1 through 16 of the Fifth Claim.

17.    As a proximate result of the foregoing, Lopez was caused to suffer and will suffer pain from his injuries, incurred and will incur medical expenses, and lost and will lose earnings.

18.    Defendants are liable for the injuries to Lopez for violations of AWPA and the Regulations thereunder.

WHEREFORE, Plaintiff, RIGOBERTO LOPEZ requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## SIXTH CLAIM
### (Lopez - - Negligent Entrustment)

1-16.    Plaintiff RIGOBERTO LOPEZ realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of the First Claim as paragraphs 1 through 16 of the Sixth Claim.

17.    Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA owed a duty to Lopez to deny the entrustment of the aforesaid truck to a driver they knew, or should have known, was inexperienced, unlicensed and/or incompetent.

18.    Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA knew or should have known that Jorge Calero was an inexperienced, unlicensed and/or incompetent driver.

7

19.    Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA are liable to Lopez under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff RIGOBERTO LOPEZ requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## SEVENTH CLAIM
### (Arias - - AWPA Violation)

1-16.    Plaintiff Arias realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of the First Claim as paragraphs 1 through 16 of the Seventh Claim.

17.    As a proximate result of the foregoing, Arias was caused to suffer and will suffer pain from his injuries, incurred and will incur medical expenses, and lost and will lose earnings.

18.    Defendants are liable for the injuries to Arias for violations of AWPA and the Regulations thereunder.

WHEREFORE, Plaintiff, AQUILEO ARIAS requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA jointly and severally, for damages in an amount to be determined plus costs of suit.

## EIGHTH CLAIM
### (Arias - - Negligent Entrustment)

1-16.    Plaintiff AQUILEO ARIAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of the First Claim as paragraphs 1 through 16 of the Eighth Claim.

17.    Defendants owed a duty to Arias to deny the entrustment of the aforesaid truck to a driver they knew, or should have known, was inexperienced, unlicensed and/or incompetent.

8

18.    Defendants knew or should have known that Jorge Calero was an inexperienced, unlicensed and/or incompetent driver.

19.    Defendants are liable to Arias under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff AQUILEO ARIAS requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully Submitted,
MARIA SANTILLAN, as Special
Administrator of the ESTATE OF
ESEQUIEL SANTILLAN, RIGOBERTO
LOPEZ, and AQUILEO ARIAS,
Plaintiffs,


By:  s/Thomas E. McClure
     THOMAS E. McCLURE,
     their attorney

THOMAS E. McCLURE
*ELLIOTT & McCLURE, P.C.*
18 Briarcliff Professional Center
Bourbonnais, IL 60914
(815) 935-1117

9

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS,

**DEFENDANTS**
TERRY SCHAAFSMA and BRUCE SCHAAFSMA both d/b/a THE GRAND FARM and both d/b/a SCHAAFSMA FARM,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Iroquois**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Kankakee**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas E. McClure
Elliott & McClure, P.C.
18 Briarcliff Professional Center
Bourbonnais, IL 60914  (815) 935–1117

ATTORNEYS (IF KNOWN)

FILED

04-2284  DEC 2 0 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/Exchange<br>[ ] 875 Customer Challenge 12 USC 3410 |
| | **PERSONAL INJURY**<br>[ ] 362 Personal Injury - Med. Malpractice<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | | **PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **LABOR** | **SOCIAL SECURITY** | [X] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/Accommodations<br>[ ] 444 Welfare<br>[ ] 440 Other Civil Rights | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | |
| | **PRISONER PETITIONS**<br>[ ] 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS – Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. § 1854, 28 U.S.C. § 1331, and Common Law Negligent Entrustment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23

DEMAND $ No Specific Demand

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE 12/17/2004

SIGNATURE OF ATTORNEY OF RECORD  *Thomas E. McClure*