E-FILED
Monday, 07 March, 2005  09:22:05 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS,<br>　　　　Plaintiffs, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| v. | ) | No. 04 - 2284 |
| | ) | |
| TERRY SCHAAFSMA and BRUCE SCHAAFSMA both d/b/a THE GRAND FARM and both d/b/a SCHAAFSMA FARM,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>) | |

**RESPONSE TO MOTION TO DISMISS**

Now come Plaintiffs, MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS, by THOMAS E. McCLURE, their attorney, and as their response to Defendants' Motion to Dismiss, state as follows:

**NATURE OF CASE**

This personal injury case arises from injuries sustained by migrant farm workers who were being transported by defendants' employee. Plaintiffs brought suit seeking damages pursuant to the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1801 et seq. [hereinafter referred to as "the AWPA" or "the Act"] as well as under state common law. Plaintiffs base this court's authority to consider their claims on federal question and supplemental jurisdiction. 28 U.S.C. §§ 1331 & 1367.

The defendants moved to dismiss on jurisdictional grounds. Although the motion is accompanied by two written statements, defendants have filed no affidavits in support of dismissal.

**FACTS**

The complaint alleges that on September 8, 2004, defendants furnished transportation to decedent ESEQUIEL SANTILLAN [hereinafter "Santillan"], Plaintiff RIGOBERTO LOPEZ [hereinafter "Lopez"], and Plaintiff AQUILEO ARIAS [hereinafter "Arias"] by means of defendants' truck, driven by defendants' employee, Jorge Calero. (Complaint, pars. 11 & 12.) It further alleges that the three men were ejected from the truck as a result of Calero's negligence. (Complaint, par 14.) Santillan died, and Lopez and Arias suffered serious personal injuries. (Complaint, par. 15.)

The complaint also avers that defendants, co-owners of a family farm, are "agricultural employers" pursuant to the Act. (Complaint, pars. 5-6.) Santillan, Lopez, and Arias [hereinafter collectively referred to as "the workers"] are alleged to be "migrant agricultural worker[s]" under the AWPA. (Complaint, par. 4.)

The defendants filed two unverified statements in support of their motion to dismiss. The statements provide, in pertinent part, that Lopez, Arias, and others were working on the farm operated by Defendant, Bruce Schaafsma. Schaafsma told them to throw away rotten watermelons that were placed inside boxes loaded on the back of a truck. After the workers dumped a truckload of watermelons in a field, the truck carrying the workers returned to the farm and "hit the pavement." It was at that time

that the incident giving rise to this suit occurred. (See attachments to Motion to Dismiss.)

**ARGUMENT**

Defendants move for the dismissal of plaintiffs' complaint claiming that the Act is inapplicable. They maintain that Santillan, Lopez, and Arias were "involved in an activity that was not covered by the AWPA." (Motion to Dismiss, par. 8.) Specifically, defendants assert that the Act's transportation safety provision does not apply to workers "engaged in day to day farm activities." (Motion to Dismiss, par. 4.)

The motion appears to be a Rule 12(b)(1) motion to dismiss on the ground of lack of subject matter jurisdiction. Such a motion can be either (1) an attack of the complaint on its face or (2) a factual challenge to jurisdiction. Here, it is difficult to classify the type of motion that is before the court. Indeed, the attachments are unverified English translations of Lopez and Arias' statements to the police. Generally, a Rule 12(b)(1) motion that is unsupported by evidentiary matter, is considered a facial challenge of the complaint. Conversely, when affidavits or other evidentiary matter are attached, the motion is viewed as a factual attack. In either case, the court should deny the motion to dismiss.

When a defendant makes a facial attack of the complaint on jurisdictional grounds, the court must consider the allegations of the complaint as true. Gould Electronics, Inc. v. United States, 220 F.3d 169, 176. "'Imperfections in pleadings style will not divest a federal court of jurisdiction where the complaint as a whole reveals a proper basis for jurisdiction.'" Cook v. Winfrey, 141 F.3d 322, 326 (7th Cir. 1998). "'A

complaint is not required to allege all, or any, of the facts entailed by the claim.'" Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

In the case at bar, the complaint on its face sufficiently sets forth an AWPA claim. The complaint alleges that both sets of litigants are proper parties. Defendants, co-owners of a family farm, are agricultural employers. (Complaint, pars. 5 & 6.) Santillan, Lopez, and Arias were migrant agricultural workers at the time of the occurrence. (Complaint, par. 4.) Furthermore, the complaint alleges that the three workers were injured when defendants' employee, Jorge Calero, used defendants' 1983 Ford farm truck to transport the men. (Complaint, pars. 11-15.) Accordingly, the motion to dismiss, as a facial challenge to the complaint should be denied.

Alternatively, if defendant's motion is viewed as a factual attack, the record demonstrates that there is subject matter jurisdiction. As the Seventh Circuit stated in CCC Information Services, Inc. v. American Salvage Pool Association, 230 F.3d 342, 346 (7th Cir. 2000):

> "[Courts] first look to the complaint to determine whether subject matter jurisdiction is established, accepting as true all well pleaded allegations and the inferences that maybe reasonably drawn from those allegations. When evidence pertinent to subject matter jurisdiction has been submitted, the court may look beyond the jurisdictional allegations of the

4

>complaint to determine whether subject matter jurisdiction exists." [Citations omitted.]

In the instant case, the submissions attached to the motion to dismiss do not contradict any of the allegations contained in the complaint. To the contrary, they supplement them by detailing how the occurrence took place. An examination of the statements reveals that Santillan was killed and Lopez and Arias were seriously injured while they were passengers on a truck operated by defendants' employee.

The essence of defendants' argument is that the Act should not apply to plaintiffs' claims because defendants were providing transportation to the workers during the course of farm operations. Defendants suggest that the AWPA only applies when workers are being transported to and from the farm. Defendants' argument should be rejected.

One objective of the Act is "to assure necessary protections for migrant and seasonal agricultural workers." 29 U.S.C. § 1801. Because it is a remedial statute, the AWPA must be construed broadly to effect its humanitarian purpose. Charles v. Burton, 169 F.3d 1322, 1334 (11th Cir. 1999). In Calderon v. Witvoet, 999 F.2d 1101, 1104 (7th Cir. 1993), the Seventh Circuit explained:

>"Section 401, 29 U.S.C. § 1841, requires farms covered by the AWPA to use safe vehicles, operated in a proper manner. Section 401 uses the word 'transportation' to refer to all movement in and

5

around the farm; the section is drafted so broadly that Congress thought it necessary to exclude 'the transportation of any migrant or seasonal agricultural worker on a tractor, combine, harvester, picker, or other similar machinery . . . while such worker is actually engaged in the planting, cultivating, or harvesting of any agricultural commodity.'"

In the case at bar, the complaint as well as the set of materials filed in support of defendants' motion, demonstrate that the plaintiffs' claims are within the purview of the Act. Indeed, it is undisputed that the workers were passengers on a truck. There is no suggestion in the record that they were riding on a tractor, combine, harvester, picker or other piece of agricultural equipment. (Complaint, par. 11; Motion to Dismiss, pp. XX001 and XX005.) Moreover, at the time of the occurrence, the workers were not engaged in planting, cultivating, or harvesting. Instead, the three men were riding on the back of a truck that was returning from a field back to the farm. (Motion to Dismiss, pp. XX001 and XX005.) Thus, the agricultural machinery or equipment exception to the motor vehicle safety provision of the Act is not applicable. See also 29 CFR 500.103.

## CONCLUSION

The complaint on its face properly alleges subject matter jurisdiction pursuant to the AWPA. The written statements accompanying defendants' motion demonstrate that the motor vehicle safety protections embodied in 19 U.S.C. § 1841(a) of the Act apply. Accordingly, the motion to dismiss should be denied.

        MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS, Plaintiffs,

By: S/ Thomas E. McClure
THOMAS E. McCLURE
Attorney for Plaintiffs
Elliott & McClure, P.C.
18 Briarcliff Professional Center
Bourbonnais, IL 60914
815-935-1117
Fax: 815-935-1141
E-mail: tkbbmac@keynet.net

## CERTIFICATE OF SERVICE

I, THOMAS E. McCLURE, certify that on March 7, 2005, I electronically filed the foregoing document with the Clerk of the United States District Court.

S/Thomas E. McClure