E-FILED
Thursday, 07 April, 2005  01:48:41 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | | |
|---|---|---|
| **MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased; RIGOBERTO LOPEZ; and AQUIELO ARIAS,** | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 04-2284 |
| **TERRY SCHAAFSMA, doing business as The Grand Farm, doing business as Schaffsma Farm; and BRUCE SCHAAFSMA, doing business as The Grand Farm, doing business as Schaffsma Farm;** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

In December 2004, Plaintiffs, Maria Santillan, as special administrator of the estate of Esequiel Santillan, deceased, Rigoberto Lopez, and Aquileo Arias, filed a Complaint at Law (#1) against Defendants, Terry Schaafsma and Bruce Schaafsma, doing business as the Grand Farm and Schaafsma Farm. Plaintiffs alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act (hereinafter "AWPA") (29 U.S.C. § 1801 *et seq.*). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because some of the claims arise under a federal statute.

In February 2005, Defendants filed a Motion To Dismiss (#6). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#6)** be **DENIED**.

**I. Background**

The following background is taken from the complaint. Plaintiff Maria Santillan is administrator for the estate of Esequiel Santillan. Defendants co-owned a family farming operation known as the Grand Farm and Schaafsma Farm. At relevant times, Esequiel Santillan,

Rigoberto Lopez, and Aquileo Arias were migrant agricultural workers and worked for Defendants.

On September 8, 2004, Defendants transported Santillan, Lopez, and Arias in a farm truck owned by Defendants and driven by Jorge Calero, an employee of Defendants. At the time, Defendants knew that Calero did not have a valid driver's license. During the ride, Santillan, Lopez, and Arias were ejected from the truck as a result of Calero's negligent driving. Santillan died and Lopez and Arias suffered serious personal injuries.

Plaintiffs' complaint alleges eight claims, as follows. In Counts I and II, a survival action and a wrongful death action, respectively, Santillan alleges that Defendants violated the AWPA. Count III, a survival action by Santillan, alleges that Defendants negligently entrusted their truck to Calero whom they knew or should have known was inexperienced, unlicensed, and/or incompetent. Count IV also alleges negligent entrustment and seeks damages for Santillan's next of kin. In Counts V and VI, a survival action and a negligent entrustment claim, respectively, Plaintiff Lopez alleges that Defendants violated the AWPA. In Counts VII and VIII, a survival action and a negligent entrustment claim, respectively, Plaintiff Arias alleges that Defendants violated the AWPA.

## II.  Standard

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims, and draw all reasonable inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendants argue that the Court should dismiss the complaint because Santillan, Lopez, and Arias were not involved in an activity covered by the AWPA when they were riding in the

truck driven by Calero. Specifically, they contend that Plaintiffs were involved in a purely farming act, rather than being transported to or from the place of employment. In support of this argument, Defendants rely on statements made by Arias and Lopez concerning the accident.

The question of whether Plaintiffs were involved in activities covered by the AWPA at the time of the accident depends on facts that the Court cannot consider when ruling on a motion to dismiss on the pleadings. At this stage in the proceedings, the Court must accept as true all well-pleaded factual allegations in the claims and draw all reasonable inferences in the light most favorable to the nonmoving party. *Gutierrez*, 111 F.3d at 1368-69. As a result, the Court recommends denying Defendants' motion to dismiss. Defendants may file a motion for summary judgment on the underlying factual questions.

### IV. Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss **(#6)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days afer being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 7th day of April, 2005

                                                                             s/ DAVID G. BERNTHAL
                                                                              U.S. MAGISTRATE JUDGE