**E-FILED**
Monday, 23 May, 2005  10:23:25 AM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **MARIA SANTILLAN, as Special** | ) | |
| **Administrator of the Estate of ESEQUIEL** | ) | |
| **SANTILLAN, Deceased, RIGOBERTO** | ) | |
| **LOPEZ, and AQUILEO ARIAS,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 04 - 2284** |
| | ) | |
| **TERRY SCHAAFSMA and BRUCE** | ) | **JURY DEMAND** |
| **SCHAAFSMA both doing business as** | ) | |
| **SCHAAFSMA VEGETABLE FARM,** | ) | |
| **Defendants.** | ) | |

### FIRST AMENDED
### COMPLAINT AT LAW

Plaintiffs, MARIA SANTILLAN as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS by THOMAS E. McCLURE, their attorney, for their first amended complaint against Defendants, TERRY SCHAAFSMA and BRUCE SCHAAFSMA, states as follows:

### JURISDICTION AND PARTIES

1.     This Court has jurisdiction over the subject matter of this action pursuant to the Migrant and Seasonal Agricultural Worker Protection Act [hereinafter referred to as "AWPA"] 29 U.S.C. § 1854 and 28 U.S.C. § 1331.

2.     Plaintiff MARIA SANTILLAN is the duly appointed Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, deceased, who resides in the Central District of Illinois.

3.     Plaintiffs RIGOBERTO LOPEZ [hereinafter referred to as "Lopez"] and AQUILEO ARIAS [hereinafter referred to as "Arias"] reside in the Central District of the State of Illinois.

1

4.      Esequiel Santillan [hereinafter referred to as "Santillan"], Lopez, and Arias at all relevant times worked in Kankakee County, Illinois, as "seasonal agricultural worker[s]" pursuant to Section 1802(10) of AWPA, 29 U.S.C. § 1802(10).

5.      On information and belief Defendant TERRY SCHAAFSMA and BRUCE SCHAAFSMA at all relevant times were co-owners of a family operation located in Kankakee County, Illinois known as "SCHAAFSMA VEGETABLE FARM."

6.      At the time suit was filed, Defendants, TERRY SCHAAFSMA and BRUCE SCHAAFSMA were, and to the present remain, citizens of the State of Illinois.  Defendants were "agricultural employers" pursuant to Section 1802(2) of AWPA, 29 U.S.C. § 1802(2).

7.      This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

8.      Defendants reside in the Central District of Illinois and the actions complained of herein took place within this district, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## DEFENDANTS' DUTIES UNDER AWPA

9.      As agricultural employers subject to AWPA, Defendants were subject to the duties and obligations imposed thereby, and also to the duties and obligations imposed by its accompanying regulations prescribed by the United States Department of Labor, 29 C.F.R. § 500.10 et seq.  (the Regulations).

10.      These duties imposed by AWPA upon Defendants included the duty to protect the health and safety of Santillan, Lopez, and Arias, including, without limitation, the following:

      a.      The duty to ensure that the driver of any vehicle used to provide transportation to Santillan, Lopez, and Arias satisfied the physical, health,

and experience requirements prescribed in the Regulations, 29 C.F.R. § 500.105; and

b.    The duty to ensure that the driver of any vehicle used to provide transportation to Santillan, Lopez, and Arias had a valid and appropriate driver's license to operate said vehicle pursuant to 29 U.S.C. § 1841(b) (1) (B) and 29 C.F.R. § 500.105(b) (1) (iii) (E).

c.    The duty imposed by 29 C.F.R. § 500.105(b) (2) and (3), including, without limitation, that driving rules were to be obeyed, and the duty to instruct their officers, agents, representatives and drivers with respect to the requirements of 29 C.F.R. § 500.105(b) (2); the duty to take such measures as were necessary to insure compliance therewith; the duty to ensure that each person being transported be provided a seat meeting regulation requirements, and be seated while transported.

d.    The duty imposed by 29 C.F.R. § 500.105(2) (vii) (D) to provide adequate protection to passengers from injury as a result of the displacement of falling of articles of property stowed on a vehicle.

## DEFENDANTS' WRONGFUL CONDUCT

11.    On September 8, 2004, Defendants owned a 1983 Ford flatbed truck [hereinafter referred to as "the flatbed truck"] that was used for the farming operation at SCHAAFSMA VEGETABLE FARM.

12.    The flatbed truck has seating for the driver and one passenger at the front of the vehicle; there are no individual seats on the flatbed portion of the truck.

13.    On September 8, 2004, and prior thereto, Defendant BRUCE SCHAAFSMA supervised and directed the work of Jorge Calero on the SCHAAFSMA VEGETABLE FARM.

14.    On September 8, 2004, and prior thereto, Defendant BRUCE SCHAAFSMA, on behalf of both Defendants, paid Jorge Calero for the work he performed on SCHAAFSMA VEGETABLE FARM.

15.    On September 8, 2004, Defendant BRUCE SCHAAFSMA loaded the flatbed truck with crates of rotten watermelons.

16.     On September 8, 2004, Defendant BRUCE SCHAAFSMA directed Jorge Calero to drive several workers, including Santillan, Lopez, and Arias to a field to dump rotten watermelons.

17.     On September 8, 2004, after the rotten watermelons were dumped in a field, Jorge Calero drove the flatbed truck from the field onto Wichert North Road, Ganeer Township, Kankakee County, Illinois.

18.     At said time and place, empty crates, Santillan, Lopez, and Arias were on the flatbed while the flatbed truck was in motion.

19.     At said time and place, Jorge Calero rapidly increased the speed of the flatbed truck.

20.     As a result of the rapid acceleration of the flatbed truck, one crate, Santillan, Lopez, and Arias fell off of the flatbed.

21.     Santillan died as a result of this fall.

22.     Lopez suffered personal injuries, including multiple leg fractures, as a result of this fall.

23.     Arias suffered personal injuries, including multiple leg fractures, as a result of this fall.

24.     On information and belief, on said date, Jorge Calero did not have a valid and appropriate driver's license to operate the aforesaid truck, as required by AWPA and the Regulations.

25.     In connection with the foregoing, the defendants intentionally violated one or more of the requirements of AWPA and the Regulations, including, without limitation, the following:

a.    Failed to ensure that the driver of the flatbed truck, Jorge Calero, satisfied the applicable physical, health and experience requirements set forth in paragraph 10(a) above;

b.    Failed to ensure that the driver of the flatbed truck, Jorge Calero, had the required valid and appropriate license to operate the truck, as set forth in paragraph 10(b) above; and

c.    Failed to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith; failed to ensure that persons being transported were provided with a property seat; and failed to ensure that persons being transported were seated, as set forth in paragraph 10(c) above; and

d.    Failed to provide adequate protection to Santillan, Lopez, and Arias from injury as a result of the displacement of articles of property stowed on the truck, as set forth in paragraph 10(d) above.

## FIRST CLAIM
### (Santillan - - Survival Action - - AWPA Violation)

1-25.    Plaintiff MARIA SANTILLAN realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

26.    As a direct and proximate result of the foregoing, Plaintiff's decedent Santillan was caused to suffer grievous injuries over his entire body and limbs and to thereby undergo great conscious pain and suffering until such time as he died from these injuries on September 9, 2004.

27.    Plaintiff MARIA SANTILLAN acts herein as the Special Administrator of the Estate of Esequiel Santillan, Deceased.

28.    Defendants are liable for the injuries to Santillan for violations of AWPA and the Regulations thereunder.

WHEREFORE, Plaintiff MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, Deceased, requests judgment against Defendants TERRY

SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## SECOND CLAIM
### (Santillan - - Wrongful Death - - AWPA Violation)

1-25.    Plaintiff MARIA SANTILLAN realleges and incorporates by reference the allegations contained in paragraph 1 through 25 of the First Claim above as paragraphs 1 through 25 of the Second Claim.

26.    ESEQUIEL SANTILLAN left surviving him Carmen Santillan, his wife; Cecilia Santillan, Adriana Santillan, Ana P. Pizano, Nora Santillan, Laura L. Vasquez, Claudia Santillan, Maria S. Garcia, and Gloria Munoz, his daughters; and Juan R. Santillan his son, as his dependent next of kin, who have suffered pecuniary loss and damage by reason of his death, including funeral expenses, and further have been deprived of his support, society, and maintenance and of those services the decedent would have continued for his wife and children had he lived.

27.    Defendants are liable for the damages to Santillan's next of kin for violations of AWPA and the Regulations thereunder.

WHEREFORE, Plaintiff MARIA SANTILLAN, as Special Administrator of the Estate of Esequiel Santillan, deceased, requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## THIRD CLAIM
### (Santillan - - Survival Action - - Negligent Entrustment)

1-25.    Plaintiff MARIA SANTILLAN realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of the First Claim as paragraphs 1 through 25 of the Third Claim.

26.     Defendants knew or should have known that Jorge Calero was an unlicensed driver.

27.     Defendants owed a duty to Santillan to deny the entrustment of the aforesaid truck to a driver they knew, or should have known, was unlicensed.

28.     Defendants are liable for the injuries to Santillan under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff, MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, Deceased, requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

**FOURTH CLAIM**
**(Santillan - - Wrongful Death - - Negligent Entrustment)**

1-28.     Plaintiff MARIA SANTILLAN realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of the Third Claim as paragraphs 1 through 28 of the Fourth Claim.

29.     Defendants are liable for the damages to Santillan's next of kin under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff MARIA SANTILLAN as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, Deceased, requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## FIFTH CLAIM
### (Lopez - - AWPA Violation)

1-25.    Plaintiff RIGOBERTO LOPEZ realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of the First Claim as paragraphs 1 through 25 of the Fifth Claim.

26.    As a proximate result of the foregoing, Lopez was caused to suffer and will suffer pain from his injuries, incurred and will incur medical expenses, and lost and will lose earnings.

27.    Defendants are liable for the injuries to Lopez for violations of AWPA and the Regulations thereunder.

WHEREFORE, Plaintiff, RIGOBERTO LOPEZ requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

## SIXTH CLAIM
### (Lopez - - Negligent Entrustment)

1-25.    Plaintiff RIGOBERTO LOPEZ realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of the First Claim as paragraphs 1 through 25 of the Sixth Claim.

26.    Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA owed a duty to Lopez to deny the entrustment of the aforesaid truck to a driver they knew, or should have known, was unlicensed.

27.    Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA knew or should have known that Jorge Calero was unlicensed driver.

28.    Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA are liable to Lopez under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff RIGOBERTO LOPEZ requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

### SEVENTH CLAIM
### (Arias - - AWPA Violation)

1-25.    Plaintiff Arias realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of the First Claim as paragraphs 1 through 25 of the Seventh Claim.

26.    As a proximate result of the foregoing, Arias was caused to suffer and will suffer pain from his injuries, incurred and will incur medical expenses, and lost and will lose earnings.

27.    Defendants are liable for the injuries to Arias for violations of AWPA and the Regulations thereunder.

WHEREFORE, Plaintiff, AQUILEO ARIAS requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA jointly and severally, for damages in an amount to be determined plus costs of suit.

### EIGHTH CLAIM
### (Arias - - Negligent Entrustment)

1-25.    Plaintiff AQUILEO ARIAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of the First Claim as paragraphs 1 through 25 of the Eighth Claim.

26.    Defendants owed a duty to Arias to deny the entrustment of the aforesaid truck to a driver they knew, or should have known, was unlicensed.

27.    Defendants knew or should have known that Jorge Calero was an unlicensed driver.

28.    Defendants are liable to Arias under the common law theory of negligent entrustment.

WHEREFORE, Plaintiff AQUILEO ARIAS requests judgment against Defendants TERRY SCHAAFSMA and BRUCE SCHAAFSMA, jointly and severally, for damages in an amount to be determined plus costs of suit.

**PLAINTIFFS DEMAND TRIAL BY JURY**

> MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS, Plaintiffs,
>
>
> By: S/ Thomas E. McClure
> THOMAS E. McCLURE
> Attorney for Plaintiffs
> Elliott & McClure, P.C.
> 18 Briarcliff Professional Center
> Bourbonnais, IL  60914
> 815-935-1117
> Fax:  815-935-1141
> E-mail:  tkbbmac@keynet.net