E-FILED
Friday, 07 July, 2006 02:38:42 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 04-2284 |
| TERRY SCHAAFSMA and BRUCE SCHAAFSMA d/b/a THE GRAND FARM and d/b/a SCHAAFSMA FARMS, | ) ) ) ) | |
| Defendants. | ) | |

**MOTION IN LIMINE**

Now comes the Defendants, Terry Schaafsma and Bruce Schaafsma d/b/a The Grand Farm and d/b/a Schaafsma Farms, by their attorney, Tony L. Brasel, and in support of this Motion in Limine states as follows:

1. That the Plaintiff has notified the Defendant that Plaintiff intends to call economist Dr. Stan Smith to testify concerning the value of certain losses subsequent to the death of Esequiel Santillan (see letter of Dr. Smith attached hereto).

2. That Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and subsequent cases have discussed Rule 702 and 403 of the Federal Rules of Evidence, and have ruled that the trial judge has the task of ensuring that an experts testimony both rests on a reliable foundation and is relevant to the task at hand.  The courts have further stated that an experts testimony must pertain to scientific knowledge and that knowledge connotes a body of known facts or ideas inferred from such facts or acceptance as true on good grounds.

3. Daubert further states that the trial court should consider in making the twofold determination of scientific knowledge and fit, the district court should consider such matters as (1) whether the theory or technique can be and has been tested, (2) whether it has been subjected to peer review and publication, (3) its known or potential rates of error and (4) its general acceptance - - a non-exhaustive list of "general observations" meant to guide, not bind, the analysis.

4. That the type of testimony that the Plaintiff will seek to introduce through Dr. Smith, including damages sometimes referred to as hedonic damages, along with damages for loss of household/family advise, counsel, guidance, and family accompaniment, has been dealt with previously in Ayers v. Robinson, 887 F. Supp. 1049 (NDL 1995).

5. In Ayers v. Robinson, the Plaintiff sought to introduce exactly the same type of damages that was to be presented by the same Dr. Smith that the Plaintiff has identified.

6. That the Court in its lengthy decision granted the Motion in Limine and disallowed the testimony of Dr. Smith. The Court found that Hedonic Damages employs a simple eyeballing technique. The Court stated, eyeballing may have the advantage of ease, but it surely lacks scientific reliability in the sense of producing consistent results. Anyone can look at the same range and come up with a different figure. It also contributes to gameplaying. Note, for example, how quick "Dr. Economist" in the sample testimony (presumably Smith himself) is to exploit the method's malleability to suggesting that he could have picked a higher number (like $5 million) and that by opting for the lower figure he is somehow rendering a "conservative" opinion. Maybe so, but a conservative opinion in that sense does not equate to a scientific one. Someone *1061 who states on the basis of a dull pain in his right knee that he thinks it is going to rain less than .1 inch expresses a conservative, but surely an unscientific, opinion.

The Court further stated that "Plausible Range" strikes this Court as a prime candidate for an Oscar in the most misleading title category"

      7.  Based upon these statements and the numerous others listed in this case, it is obvious that the testimony of Dr. Smith fails the Daubert standard and such evidence should be excluded.

      WHEREFORE, your Defendant prays that the Motion be granted and that the testimony of Dr. Stan Smith be excluded.

      s/Tony L. Brasel

      _____
Tony L. Brasel
Attorney for Defendants
201 Park Place, Suite 12
Bourbonnais, IL  60914
Phone:  (815)937-9939
Fax:  (815)937-9965
Reg. No.:  00282960
Email:  tlbrasel@daca.net

**IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

**URBANA DIVISION**

| | |
|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIA, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) No.: 04-2284 |
| TERRY SCHAAFSMA and BRUCE SCHAAFSMA d/b/a THE GRAND FARM and d/b/a SCHAAFSMA FARMS, | ) ) ) ) |
| Defendants. | ) |

**CERTIFICATION OF SERVICE**

I hereby certify that on July 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas E. McClure, tkbbmac@keynet.net.

s/Tony L. Brasel
_____
Tony L. Brasel
Attorney for Defendants
201 Park Place, Suite 12
Bourbonnais, IL  60914
Phone:  (815)937-9939
Fax:  (815)937-9965
Reg. No.:  00282960
Email:  tlbrasel@daca.net