UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased; RIGOBERTO LOPEZ; and AQUIELO ARIAS, <br>  Plaintiffs, <br><br> vs. <br><br> TERRY SCHAAFSMA and BRUCE SCHAAFSMA, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 04-2284 |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION
FOR LEAVE TO FILE FIRST AFFIRMATIVE DEFENSE**

Now come Plaintiffs, MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS, by THOMAS E. McCLURE, their attorney and as their memorandum of law in opposition to defendants' motion for leave to file first affirmative defense, states as follows:

NATURE OF ACTION AND PROCEDURAL FACTS

This is a personal injury and wrongful death action brought pursuant to the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §1801 et seq. [hereinafter referred to as "the AWPA" or "the Act"] and state common law negligence. The court has federal question jurisdiction over the AWPA claims and supplemental jurisdiction over the negligence claims.

1

On March 15, 2006, the court entered a discovery order. The order provided, in pertinent part, that the deadline for amending pleadings was June 1, 2006. The discovery order has not been amended.

Plaintiffs filed their original complaint on December 20, 2005. Defendants answered on May 5, 2006. After the court granted plaintiffs leave to file an amended complaint, defendants filed their answer on June 17, 2006. Neither the answer to the original complaint nor the answer to the first amended complaint asserts an affirmative defense.

On July 12, 2006, the district court conducted the final pretrial conference and accepted the parties' pre-trial order. Earlier that same day, defendants filed their motion for leave to file first affirmative defense. The proposed first affirmative defense essentially alleges that plaintiffs were comparatively negligent.

## ARGUMENT

Defendants should not be allowed to assert an affirmative defense at this late stage of the litigation because it is untimely. Moreover, defendants' proposed defense is not cognizable under the APWA. Alternatively, if the court chooses to allow defendants to plead an affirmative defense to the state common law claims, plaintiffs respectfully request that their supplemental state law claims be voluntarily dismissed.

### A.

### DEFENDANTS' REQUEST TO FILE AN AFFIRMATIVE DEFENSE SHOULD BE DENIED BECAUSE IT IS UNTIMELY.

The court should deny defendants' request to file an affirmative defense because it is untimely. The motion before the court was filed more than one year after the deadline established in the discovery order.

Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure liberally permits amendments to pleadings. Leave to amend is generally allowed unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or causes undue delay. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

However, Rule 15 standards are not applicable to situations in which a party moves to amend pleadings after a deadline established by a scheduling order. Instead, Rule 16(b) governs. See *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), *cert. denied*, 2001 Lexis 4982 (2001).

Rule 16(b) provides, in pertinent part, as follows:

"[The court]…shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, …enter a scheduling order that limits the time

(1)    to join other parties to amend the pleadings;

(2)    to file and hear motions; and

(3)    to complete discovery.

…

The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. <u>A schedule shall not be modified except by leave of…[court] upon a showing of good cause</u>." (Emphasis added.)

Thus, the burden is upon the movant to provide good cause to file an amended pleading rather than upon the non-movant to show prejudice.

In the case at bar, the discovery order set the deadline for filing amended pleadings at June 1, 2005. Defendants did not move for leave to file first affirmative

defense until July 12, 2006. Defendants' motion does not allege any basis to modify the discovery order. This court, therefore, cannot conclude that there is good cause to permit the late assertion of the defense. Thus, defendants did not meet their burden under Rule 16(b).

Moreover, the facts upon which defendants' proposed affirmative defense are based were known to defendants over a year ago. Indeed, the depositions of plaintiffs Rogoberto Lopez and Aquielo Arias were taken in May 2005, prior to the filing of defendants' answer to the first amended complaint. As stated in *Coleman v. Quaker Oats Co.*, "even under the liberal Rule 15 standard 'late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" 232 F.3d at 1295 quoting *Acri v. International Association of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

Accordingly, defendants' motion to file first affirmative defense should be denied because it was filed more than thirteen months after the deadline set by the discovery order.

B.

BECAUSE COMPARATIVE NEGLIGENCE IS NOT A DEFENSE TO
THE AWPA, DEFENDANTS' MOTION SHOULD BE DENIED.

The court also should deny defendants' motion for leave to file first affirmative defense as to the AWPA claims because comparative negligence is not a defense to the Act.

Defendants' proposed first affirmative defense sounds in comparative negligence. The defense does not identify the claim(s) of the first amended complaint to which it

applies. The claims giving rise to federal jurisdiction in this case are founded upon the AWPA.

One of the AWPA's purposes is "to assure necessary protections for migrant and seasonal agricultural workers." 29 U.S.C.§1801. Since the Act is a remedial statute, it is broadly construed to promote its humanitarian purpose. *Charles v. Burton*, 169 F.3d 1322, 1334 (11th Cir. 1999).

The AWPA is silent as to whether either comparative negligence or contributory negligence is available as a defense. The availability of such defenses potentially would lessen the ability of injured workers to receive full compensation for personal injuries incurred as a result of an agricultural employer's violation of the Act. This would undermine the purpose of the Act.

Two district courts have faced this issue. E.g., *Soto v. McLean*, 20 F. Supp. 2d 901 (E.D.N.C. 1998); *Ricketts v. Vann*, 861 F. Supp. 404 aff'd 32 F.3d 71 (4th Cir. 1994). Both courts held that contributory negligence was not a cognizable defense under the AWPA. As stated in *Soto*,

> "This Court has previously addressed the issue of contributory negligence as a defense to claims under the AWPA. In 1993, United States District Judge Franklin Dupree wrote:
>
> > 'In view of the broad social purposes sought to be served by this legislation it [is] the court's feeling that to allow the defense of contributory negligence would probably run contrary to congressional intent and that a liberal construction of this social legislation which makes no

5

provision for a defense of contributory negligence should result in disallowing it.'

Ricketts v. Vann, 861 F. Supp. 404, 405 (E.D.N.C. 1993), aff'd, 32 F.3d 71 (4th Cir. 1994). This same reasoning may be applied with equal clarity to the common law defenses of the fellow servant rule, assumption of risk, and the doctrines of waiver and estoppel. None of these defenses are provided for in the language of the AWPA, and, in the words of Judge Dupree, allowing them 'would probably run contrary to congressional intent.' Finding no alternate authority or legislative history to the contrary, this court chooses to adopt the reasoning set forth by Judge Dupree in Ricketts."

Similarly, in the case at bar, defendants should not be able to assert conparative negligence as a defense to the AWPA. This would be contrary to policy underlying the Act. Accordingly, the defendants' motion for leave to file first affirmative defense should be denied as it relates to the AWPA claims.

C.

IN THE ALTERNATIVE, IF THE COURT GRANTS DEFENDANTS' MOTION, PLAINTIFFS SHOULD BE GIVEN LEAVE TO VOLUNTARILY DISMISS THEIR STATE COMMON LAW CLAIMS.

Alternatively, the court should grant plaintiffs leave to voluntarily dismiss their state common law claims if defendants are permitted to assert comparative negligence as a defense to the negligence claims.

The first amended complaint is premised upon federal law (claims 1, 2, 5, & 7) and Illinois negligence claims (claims 3, 4, 6, & 8). This court has federal question

jurisdiction of the case pursuant to the APWA. There is supplemental jurisdiction of the negligence counts

Comparative negligence is not a defense to the APWA. (See discussion in Section B, supra.) This theory, however, is a recognized defense to the common law claims. See *Alvis v. Ribar*, 85 Ill. 2d 1, 421 N.E. 2d. 886 (1981).

If this court permits the late filing of the first affirmative defense as to the state law claims, plaintiffs' trial strategy will be significantly challenged. Plaintiffs did not anticipate a comparative negligence defense in light of the fact that defendants did not request permission to allege this defense until the date of the final pre-trial conference.

On the other hand, the court's granting of plaintiffs' request to voluntarily dismiss the negligence claims does not substantially disturb the current posture of the case. Plaintiffs anticipate that the witnesses shall remain the same. Plaintiffs' exhibits shall not change.

In the event that the court grants defendants' motion for leave to file first affirmative defense as to the negligence claims alone, then plaintiffs should be given leave to voluntarily dismiss claims 3, 4, 6, & 8.

## CONCLUSION

Defendants' motion for leave to file first affirmative defense should be denied because it was untimely filed. Furthermore, comparative negligence is not an affirmative defense to the AWPA.

In the alternative, if the court denies the motion as to the AWPA claims but allows defendants to plead an affirmative defense to the state common law claims,

7

plaintiffs should be given leave to voluntarily dismiss their common law negligence claims.

          MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS, Plaintiffs,

By: S/ Thomas E. McClure
THOMAS E. McCLURE
Attorney for Plaintiffs
Elliott & McClure, P.C.
18 Briarcliff Professional Center
Bourbonnais, IL  60914
815-935-1117
Fax:  815-935-1141
E-mail:  tkbbmac@keynet.net

**CERTIFICATE OF SERVICE**

I, THOMAS E. McCLURE, certify that on July 25, 2006, I electronically filed the foregoing document with the Clerk of the United States District Court.

          S/Thomas E. McClure