## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | | |
|---|---|---|
| **MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased; RIGOBERTO LOPEZ; and AQUIELO ARIAS,** | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 04-2284 |
| **TERRY SCHAAFSMA, doing business as The Grand Farm, doing business as Schaffsma Farm; and BRUCE SCHAAFSMA, doing business as The Grand Farm, doing business as Schaffsma Farm;** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

In December 2004, Plaintiffs, Maria Santillan, as Special Administrator of the Estate of Esequiel Santillan, deceased, Rigoberto Lopez, and Aquileo Aria filed a Complaint at Law (#1) against Defendants, Terry Schaafsma and Bruce Schaafsma, d/b/a The Grand Farm, and d/b/a Schaafsma Farms. In June 2005, Plaintiffs filed their First Amended Complaint at Law (#25), alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act (hereinafter "AWPA") (29 U.S.C. § 1801 *et seq.*) and also alleging state law claims of negligent entrustment. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because some of the claims arise under a federal statute. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In July 2006, Defendants filed a Motion In Limine (#32), contending that the Court should bar evidence from Dr. Stan Smith. After reviewing the parties' motion and memoranda, the Court granted this motion as to Dr. Smith's testimony regarding loss of value of life (also called "hedonic damages") and loss of society and denied it as to testimony regarding other damages. In July 2006, Defendants filed a Motion for Leave To Amend Motion In Limine (#41). In light of the Court's ruling on Defendants' motion in limine, the Court noted that this

motion appeared to be moot.  Nevertheless, the Court granted the motion and allowed Defendants to file a supplemental motion in limine.

Before the Court granted that motion, however, Defendants filed another Motion for Leave To Amend Motion in Limine (#42).  In this motion, Defendants asked to attach the curriculum vitae and report of Dr. Edward Sattler to the original motion in limine (#32).  The Court has already ruled on the motion in limine that Defendants now seek to amend and, in fact, the Court granted the motion in limine on the issue of hedonic damages, which is the main subject of Dr. Sattler's opinion letter.  Defendants have presented no argument on other damages.  Accordingly, the Court **DENIES as moot** Defendants' Motion for Leave To Amend Motion in Limine **(#42)**.

ENTER this 11st day of September

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE