UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased; RIGOBERTO LOPEZ; and AQUIELO ARIAS,<br>    Plaintiffs,<br><br>        vs.<br><br>TERRY SCHAAFSMA and BRUCE SCHAAFSMA,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 04-2284<br>)<br>)<br>)<br>) |

**MOTION IN LIMINE**

Now come the Plaintiffs, MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS by and through their attorneys, ELLIOTT & McCLURE, P.C., prior to the selection of the jury in this case, respectfully moves this Honorable Court, in limine, to enter an order directing the Defendants, TERRY SCHAAFSMA and BRUCE SCHAAFSMA, through their counsel, and any witnesses called by the Defendants to refrain from making any direct or indirect mention, whatsoever, at the trial, before the jury, of the matter hereinafter set forth without first obtaining permission from this court, outside the presence and hearing of the jury. In support of this motion, Plaintiffs state as follows:

1.    Rule 402 of the Federal Rules of Evidence (FRE) provides as follows:

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

2. Rule 401 of the FRE defines relevant evidence as "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

3. The following evidence is not relevant to the issues presented in this case and should be barred:

    a. Any reference to the citizenship or United States residency status of Decedent, ESEQUIEL SANTILLAN, Plaintiff, RIGOBERTO LOPEZ, Plaintiff, AQUILEO ARIAS, and any witness. Specifically, references to illegal or legal alien status should be barred.

    b. Any evidence that shows or statement that suggests the comparative fault of Decedent, ESEQUIEL SANTILLAN, Plaintiff, RIGOBERTO LOPEZ, or Plaintiff, AQUILEO ARIAS.

        (1) Comparative fault is not alleged in the defendant's answer.

        (2) Comparative fault is not a cognizable defense to an action brought pursuant to the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §1801 et seq. *See* <u>Soto v. McLean</u>, 20 F. Supp. 2d 901 (E.D.N.C. 1998); <u>Ricketts v. Vann</u>, 861 F. Supp. 404 *aff'd* 32 F.3d 71 (4th Cir. 1994).

    c. That Decedent, ESEQUIEL SANTILLAN, had alcoholic beverages or drugs in his system.

        (1) There is no evidence that the decedent was intoxicated.

        (2) Evidence of comparative fault should be barred.

    d. That Plaintiff, RIGOBERTO LOPEZ, had alcoholic beverages or drugs in his system because evidence of comparative fault should be barred.

e. That Decedent, ESEQUIEL SANTILLAN, Plaintiff, RIGOBERTO LOPEZ, or Plaintiff AQUILEO ARIAS incurred similar or dissimilar injuries from prior or subsequent accidents unless there be a showing by the Defendants, outside the presence of the jury, that there will be a connection between this line of questioning and said injuries, by competent medical testimony. *See* Marut v. Costello, 34 Ill. 2d 125, 214 N.E.2d 768, 769 (1965).

f. Any conduct of ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS on or before the date of the accident, where such conduct does not bear any relationship to the conduct of ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS on the date and time of this incident. *See* Burton v. Lee, 43 Ill. App. 3d 305, 356 N.E.2d 1310, 1313-1314 (4th Dist. 1976).

g. That ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS was involved in prior or subsequent accidents or incidents of any kind which have not been connected by competent expert testimony to the specific injuries of ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS in this case. *See* Simpson v. Johnson, 45 Ill. App. 3d 789, 360 N.E.2d 144, 149 (3d Dist. 1977).

h. That ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS was charged with the commission of a crime. *See* People v. Hoffman, 399 Ill. 57, 77 N.E.2d 195 (1948).

i. The circumstances under which the attorney for the Plaintiffs was employed or retained or the fees and the contingent contract under which the attorney has been retained. *See* Hall v. Chicago and Northwestern Railway Company, 5 Ill. 2d 135, 125 N.E.2d 77, 86 (1955).

j. That the recovery of the Plaintiffs is not subject to federal income taxes. *See* Klawonn v. Mitchell, 105 Ill.2d 450, 475 N.E.2d 857, 861 (1985).

      k.      Any comment that the Plaintiffs' case, damage request or verdict places a burden upon the public as a whole or the economy and/or would be responsible for a high cost of living for the public. *See* Lukich v. Agneli, 31 Ill.App.2d 20, 175 N.E.2d 796, 801 (1st Dist. 1961).

      l.      The testimony of any witness whose identity and subject matters of this testimony was not timely disclosed or whose identity and opinion were not timely disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure

      m.      Any reference by the Defendants to any exhibit, document, or tangible thing not disclosed during discovery.

      n.      No mention or reference before the jury of McDonald's or the McDonald's hot coffee case or hot coffee. Any such reference would be irrelevant and highly prejudicial in that the McDonald's case involved a huge award of punitive damages which became a rallying point for the insurance industry against large jury verdicts. Plaintiff is not seeking punitive damages.

      o.      That Defendants are barred from presenting evidence which the court has barred Plaintiffs from presenting.

      p.      That all non-party witnesses be kept from the courtroom, except when called to provide testimony. *See* Noone v. Olehy, 297 Ill. 160, 173 (1921).

WHEREFORE, the Plaintiffs respectfully request that this court enter an order directing the Defendants, through counsel, and counsel, individually, not to mention, refer to or interrogate concerning or voluntarily answer or attempt to convey before the jury, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above without first informing the court and obtaining permission of the court, outside the presence and hearing of the jury, and further to instruct the Defendants through counsel and counsel individually, not to make any reference or inference to the fact that this Motion has

4

been filed or ruled upon by this court, and further, that counsel be instructed to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with the rule of this court.

        MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS, Plaintiffs,

        By: S/ Thomas E. McClure
        THOMAS E. McCLURE
        Attorney for Plaintiffs
        Elliott & McClure, P.C.
        18 Briarcliff Professional Center
        Bourbonnais, IL  60914
        815-935-1117
        Fax:  815-935-1141
        E-mail:  tkbbmac@keynet.net

**CERTIFICATE OF SERVICE**

    I, THOMAS E. McCLURE, certify that on September 15, 2006, I electronically filed the foregoing document with the Clerk of the United States District Court.

        S/Thomas E. McClure