## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  No.  04-2284<br>) |
| TERRY SCHAAFSMA and BRUCE SCHAAFSMA and both d/b/a SCHAAFSMA FARM, | )<br>)<br>)<br>) |
| Defendants. | ) |

**RESPONSE TO MOTION IN LIMINE**

Now comes the Defendants, Terry Schaafsma and Bruce Schaafsma and both d/b/a Schaafsma Farm, by and through their attorney, Tony L. Brasel, and in support of this Response to Motion in Limine states as follows:

1. That the Plaintiffs in paragraph 3 seek to bar certain evidence, including any reference to the citizenship or U.S. residency status of decedent Esequiel Santillan, and Plaintiff's Rigoberto Lopez and Aquileo Arias.  That this should not be barred as in the case of Esequiel Santillan, the Plaintiff has made a claim for lost wages.  If a person did not have a right to be present in this Country, then that person or his heirs could not make a valid wage loss claim.  Therefore, the wage loss claim should be barred, or if not, then the citizenship status is evidence that should be presented to the jury.  The same should be true for Plaintiffs, Rigoberto Lopez and Aquileo Arias.  The issue of citizenship also is relevant concerning the veracity or truthfulness of the Plaintiffs.  If the Plaintiffs have been working in this country and not abiding by the laws of this Country and are not citizens, this would be relevant evidence that would assist the jury in

determining credibility of the Plaintiffs and other persons.  Further, the Plaintiffs in their lawsuit have alleged that Santillan, Lopez and Aquileo were seasonal agricultural workers.  A seasonal Agricultural Worker is defined as:

> An individual who is employed in agricultural employment of a seasonal or other temporary nature and is not required to be absent overnight from his permanent place of residence.

That any person who is not a citizen of the United States could not have an established permanent place of residence in the United States, and would not be covered by this act.  Also, this statute would not protect a person who was not a citizen of the United States.  Wherefore, this is relevant evidence and should not be barred.

    2.  The Plaintiffs have also asked to bar any evidence of comparative fault.  This was probably taken care of by the Court on the ruling concerning the Defendant's Motion concerning affirmative defenses.  The Defendants at this time would ask the court to review that ruling.  The Court appeared to mention that the fact that the failure to plead these defenses and issues of comparative fault was a trial tactic.  However, that could not be farther from the truth.  It was as simple as the attorney thought it was filed, then in reviewing the case for trial, found that it was not.  The motion to add the defenses was then filed.  Both parties have on numerous occasions discussed fault of the Defendants.  In fact, this (being the actions of the Plaintiffs including standing on the back of the truck, using the truck, and alcohol use) was also discussed at a pre-trial where attempts were made to settle this lawsuit.  Obviously, the strategy would not be to talk about it up until trial and then not use the defenses.  It was a genuine mistake that was no surprise to the Plaintiff, and requires no further preparation by the Plaintiff.  In fact, this would only apply to the negligence counts and not to those counts brought under the Agricultural

Workers Protection Act. It is obvious from the Plaintiff's Memorandum, which suggests that the Counts not filed under this Act be dismissed, that the Plaintiffs understood the issues of comparative fault on the part of the Plaintiffs. To do as suggested by the Plaintiff would be a fair and just decision. Or, if the Court chose not to do that, equity and fairness would dictate that comparative fault not be barred.

3. This also brings us to the argument to bar that Santillan and Lopez had alcohol or drugs in their system. The Plaintiffs cannot and have not argued that they were not aware of the alcohol consumption. The medical records supplied by the Plaintiff to Defendant contained this information (see reports attached). Also, Mr. Lopez was asked at his deposition concerning the use of alcohol that day, so again the Plaintiffs had notice that this was an issue in this case. Further, Plaintiff Lopez will testify concerning the events that occurred that day. His use of alcohol is admissible to show whether his testimony is believable, as the jury could determine because of his alcohol consumption that his memory is impaired. Therefore, this evidence should not be barred.

4. The Defendants have no objection to paragraph 3(a) through 3 (p) except if 3 (f) refers to any past employment history if there is a wage claim allowed, or to their actions concerning citizenship if examination in this area is allowed.

WHEREFORE, your movant prays that the Court make a ruling consistent with the arguments in this Response.

                                                                                             _____

Tony L. Brasel
Attorney for Defendants
201 Park Place, Suite 12
Bourbonnais, IL  60914
Phone:  (815)937-9939
Fax:  (815)937-9965
Reg. No.:  00282960
Email:  tlbrasel@daca.net

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No.    04-2284 |
| TERRY SCHAAFSMA and BRUCE SCHAAFSMA both d/b/a THE GRAND FARM and both d/b/a SCHAAFSMA FARM, | ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATION OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Thomas E. McClure, tkbbmac@keynet.net.

s/Tony L. Brasel

_____
Tony L. Brasel
Attorney for Defendants
201 Park Place, Suite 12
Bourbonnais, IL  60914
Phone: (815)937-9939
Fax: (815)937-9965
Reg. No.: 00282960
Email: tlbrasel@daca.net