**E-FILED**
Friday, 06 October, 2006  04:24:42 PM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow prejudice to influence you.  You should not be influenced by any person's national ancestry or lack of fluency in the English language.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Jury Instruction No.   ___1___
Seventh Circuit Patten Civil Jury Instruction: 1.01 (Modified)

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

1

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Plaintiff's Jury Instruction No. ____2____
Seventh Circuit Patten Civil Jury Instruction: 1.04

_____      Given

_____      Given as Modified

_____      Refused

_____      Withdrawn

2

During the trial, certain testimony was presented to you by the reading of depositions and video.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Plaintiff's Jury Instruction No. ____3____
Seventh Circuit Patten Civil Jury Instruction: 1.05

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Jury Instruction No. ____4____
Seventh Circuit Patten Civil Jury Instruction: 1.06

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

4

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's Jury Instruction No.  ___5_____
Seventh Circuit Patten Civil Jury Instruction: 1.07

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Jury Instruction No. ____6____
Seventh Circuit Patten Civil Jury Instruction: 1.08

_____   Given

_____   Given as Modified

_____   Refused

_____   Withdrawn

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Jury Instruction No. ___7_____
Seventh Circuit Patten Civil Jury Instruction: 1.11

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

7

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Jury Instruction No.  ___8_____
Seventh Circuit Patten Civil Jury Instruction: 1.12

_____      Given

_____      Given as Modified

_____      Refused

_____      Withdrawn

8

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Jury Instruction No. ____9____
Seventh Circuit Patten Civil Jury Instruction: 1.13

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

9

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Jury Instruction No. ____10____
Seventh Circuit Patten Civil Jury Instruction: 1.17

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Jury Instruction No.  ___11___
Seventh Circuit Patten Civil Jury Instruction: 1.18

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

11

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Jury Instruction No. ___12___
Seventh Circuit Patten Civil Jury Instruction: 1.21

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

You should consider only the evidence provided through the official interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

Plaintiff's Jury Instruction No. ___13___
Seventh Circuit Patten Civil Jury Instruction: 1.22

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

You must give separate consideration to each claim and each party in this case. Although there are three plaintiffs, it does not follow that if one is successful, the others are too.

Plaintiff's Jury Instruction No.   14
Seventh Circuit Patten Civil Jury Instruction: 1.25

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Jury Instruction No. ___15___
Seventh Circuit Patten Civil Jury Instruction: 1.27

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

The parties have stipulated, or agreed to the following:

1.      Maria Santillan is the special administrator of the Estate of Esequiel Santillan.

2.      Terry Schaafsma and Bruce Schaafsma are co-owners of The Schaafsma Vegetable Farm, a vegetable farming operation located in rural Kankakee County, Illinois.

3.      Terry and Bruce Schaafsma hired a number of Hispanic men on a seasonal basis to work at the Schaafsma Vegetable Farm.

4.      Terry and Bruce Schaafsma paid their hired help cash and kept no financial or personnel records for these workers.

5.      On September 8, 2004, Terry and Bruce Schaafsmas' workers included Esequiel Santillan, Rigoberto Lopez, Aquileo Arias, Jorge Calero, Fidel Lopez, and Alfredo Fredi.

6.      On September 8, 2004, Terry and Bruce Schaafsma owned a 1983 Ford flatbed truck that they used for the farming operation at the Schaafsma Vegetable Farm.

7.      The 1983 Ford flatbed truck has seating for the driver and one passenger in the cab of the vehicle and no individual seats on the flatbed.

8.      The Schaafsmas' 1983 Ford truck did not have a protective railing around the perimeter of the flatbed.

9.      The Schaafsmas' 1983 Ford truck was not equipped with apparatus to secure cargo.

10.     On September 8, 2004, Bruce Schaafsma loaded crates of rotten melons onto the flatbed of the 1983 Ford truck.

11.     Jorge Calero drove the 1983 Ford truck on a public highway to the field where the watermelons were to be disposed.  Alfredo Fredi sat next to Jorge in the cab.  Esequiel Santillan, Rigoberto Lopez, Aquileo Arias, and Fidel Lopez stood on the flatbed with the melons.

12.    The workers dumped the rotten melons in the field.

13.    Jorge Calero drove the flatbed truck onto the public highway and headed back to the farm building.  Alfredo Fredi sat in the cab while Esequiel Santillan, Rigoberto Lopez, Aquileo Arias, and Fidel Lopez stood on the flatbed with the empty crates.

14.    On the return trip, Esequiel Santillan, Rigoberto Lopez, and Aquileo Arias all fell off the flatbed.

15.    The three men were taken to Riverside Medical Center by ambulance.

16.    Esequiel Santillan died from injuries sustained from falling off the truck.

17.    Rigoberto Lopez suffered a laceration to his forehead, a chest wall contusion, and multiple fractures to his left leg as a result of the incident.

18.    Aquileo Arias fractured his left thumb and experienced contusions to both hands as a result of the fall from the truck.

You must now treat these facts as having been proved for the purpose of this case.

Plaintiff's Jury Instruction No. ____16____
Seventh Circuit Patten Civil Jury Instruction: 2.05

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence.  The law does not say how a reasonably careful person would act under those circumstances.  This is for you to decide.

Plaintiff's Jury Instruction No. _____17_____
IPI: 10.01

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

It is the duty of every driver/operator of a vehicle using a public highway to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision.

Plaintiff's Jury Instruction No. _____18_____
IPI: 70.01

_____      Given

_____      Given as Modified

_____      Refused

_____      Withdrawn

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Plaintiff's Jury Instruction No. ____19____
IPI: 10.02

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

It was the duty of the defendants, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiffs.  That means it was the duty of the defendants to be free from negligence.

Plaintiff's Jury Instruction No.  ___20___
IPI: 10.04

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

When I use the expression "proximate cause," I mean a cause which, in natural or probable sequence, produced the injury complained of.

Plaintiff's Jury Instruction No. _____21_____
IPI: 15.01

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

The plaintiff, Rigoberto Lopez claims that he was injured and sustained damage, and that the defendants were negligent in one or more of the following respects:

- In permitting an unlicensed driver to operate their flatbed truck when the defendants knew or should have known that the driver had no driver's license.

- In rapidly increasing the speed of the truck when the plaintiff Rigoberto Lopez and cargo were on the flatbed.

- In failing to ensure that the driver of the flatbed truck, Jorge Calero, had the required valid and appropriate license to operate the truck.

- In failing to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith.

- In failing to provide the plaintiff Rigoberto Lopez with a safe place to sit when he was being transported by the driver of the flatbed truck, Jorge Calero.

- In failing to provide adequate protection to the plaintiff, Rigoberto Lopez from injury as a result of the displacement of property stowed on the flatbed truck.

The plaintiff Rigoberto Lopez further claims that one or more of the foregoing was a proximate cause of his injuries.

The defendants deny that they did any of the things claimed by plaintiff Rigoberto Lopez and deny that any claimed act or omission on the part of the defendants was a proximate cause of the plaintiff, Rigoberto Lopez's claimed injuries.

The defendants further deny that the plaintiff, Rigoberto Lopez was injured or sustained damages to the extent claimed.


Plaintiff's Jury Instruction No. ____22____
IPI: 20.01 (Modified)

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

23

The plaintiff, Rigoberto Lopez has the burden of proving each of the following propositions in the first count of his complaint:

- First, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act or any regulation of the Act;

- Second, that the plaintiff, Rigoberto Lopez was injured;

- Third, that the defendants' violation of either the Migrant and Seasonal Agricultural Protection Act or a regulation of the Act was a proximate cause of the injury to plaintiff, Rigoberto Lopez;

The Plaintiff, Rigoberto Lopez has the burden of proving each of the following propositions in the second count of his complaint.

- First, that the defendants acted or failed to act in one of the ways claimed by the plaintiff, Rigoberto Lopez as stated to you in these instructions and that in so acting, or failing to act, the defendants were negligent;

- Second, that the plaintiff, Rigoberto Lopez was injured;

- Third, that the negligence of the defendants was a proximate cause of the injury to the plaintiff, Rigoberto Lopez.

In order to recover in this action, the plaintiff, Rigoberto Lopez must prove all of the propositions in at least one count. If you find from your consideration of all the evidence that all of the propositions in either count have been proven, then your verdict should be for the plaintiff, Rigoberto Lopez to that count. But if, on the other hand, you find from your consideration of all the evidence that there is no count in which all of the propositions have been proved, then your verdict should be for the defendants.

Plaintiff's Jury Instruction No.    23    
IPI: 21.02.0.2 (Modified)
29 U.S.C. § 1854

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

24

If you decide for the plaintiff, Rigoberto Lopez on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendants, taking into consideration the nature, extent, and duration of the injury.

-        The disability and disfigurement resulting from the injury.

-        The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

-        The reasonable expense of necessary medical care, treatment, and services received.

-        The value of earnings lost.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Jury Instruction No. ____24____
IPI: 30.01, 30.04, 30.05, 30.06, 30.07
29 U.S.C. § 1854

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

25

The plaintiff, Aquileo Arias claims that he was injured and sustained damage, and that the defendants were negligent in one or more of the following respects:

- In permitting an unlicensed driver to operate their flatbed truck when the defendants knew or should have known that the driver had no driver's license.

- In rapidly increasing the speed of the truck when the plaintiff, Aquileo Arias and cargo were on the flatbed.

- In failing to ensure that the driver of the flatbed truck, Jorge Calero, had the required valid and appropriate license to operate the truck.

- In failing to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith.

- In failing to provide the plaintiff Aquileo Arias with a safe place to sit when he was being transported by the driver of the flatbed truck, Jorge Calero.

- In failing to provide adequate protection to the plaintiff, Aquileo Arias from injury as a result of the displacement of property stowed on the flatbed truck.

The plaintiff Aquileo Arias further claims that one or more of the foregoing was a proximate cause of his injuries.

The defendants deny that they did any of the things claimed by plaintiff Aquileo Arias and deny that any claimed act or omission on the part of the defendants was a proximate cause of the plaintiff, Aquileo Arias' claimed injuries.

The defendants further deny that the plaintiff, Aquileo Arias was injured or sustained damages to the extent claimed.

Plaintiff's Jury Instruction No. ____25____
IPI: 20.01 (Modified)

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

26

The plaintiff, Aquileo Arias has the burden of proving each of the following propositions in the first count of his complaint:

-       First, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act or any regulation of the Act;

-       Second, that the plaintiff, Aquileo Arias was injured;

-       Third, that the defendants' violation of either the Migrant and Seasonal Agricultural Protection Act or a regulation of the Act was a proximate cause of the injury to plaintiff, Aquileo Arias;

The Plaintiff, Aquileo Arias has the burden of proving each of the following propositions in the second count of his complaint.

-       First, that the defendants acted or failed to act in one of the ways claimed by the plaintiff, Aquileo Arias as stated to you in these instructions and that in so acting, or failing to act, the defendants were negligent;

-       Second, that the plaintiff, Aquileo Arias was injured;

-       Third, that the negligence of the defendants was a proximate cause of the injury to the plaintiff, Aquileo Arias.

In order to recover in this action, the plaintiff, Aquileo Arias must prove all of the propositions in at least one count.  If you find from your consideration of all the evidence that all of the propositions in either count have been proven, then your verdict should be for the plaintiff, Aquileo Arias to that count.  But if, on the other hand, you find from your consideration of all the evidence that there is no count in which all of the propositions have been proved, then your verdict should be for the defendants.

Plaintiff's Jury Instruction No. ____26____
IPI: 21.02.0.2 (Modified)
29 U.S.C. § 1854

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

27

If you decide for the plaintiff, Aquileo Arias on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendants, taking into consideration the nature, extent, and duration of the injury.

-    The disability and disfigurement resulting from the injury.

-    The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

-    The reasonable expense of necessary medical care, treatment, and services received.

-    The value of earnings lost.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Jury Instruction No. ___27___
IPI: 30.01, 30.04, 30.05, 30.06, 30.07
29 U.S.C. § 1854

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

The plaintiff, Maria Santillan brings her action in a representative capacity by reason of her being special administrator of the estate of Esequiel Santillan, deceased. She represents Carmen Santillan, Cecilia Santillan, Adriana Santillan, Ana P. Pizano, Nora Santillan, Laura L. Vasquez, Claudia Santillan, Maria S. Garcia, Gloria Munoz, and Juan R. Santillan, the widow and next of kin of the deceased and the estate of the deceased.  They are the real parties in interest in this lawsuit, and in that sense are the real plaintiffs whose damages you are to determine if you decide for the special administrator of the estate of Esequiel Santillan.

Plaintiff's Jury Instruction No. _____28_____
IPI: 31.09

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

The plaintiff, Maria Santillan claims that the decedent, Esequiel Santillan was injured and sustained damage, and that the defendants were negligent in one or more of the following respects:

-    In permitting an unlicensed driver to operate their flatbed truck when the defendants knew or should have known that the driver had no driver's license.

-    In rapidly increasing the speed of the truck when the decedent, Esequiel Santillan and cargo were on the flatbed.

-    In failing to ensure that the driver of the flatbed truck, Jorge Calero, had the required valid and appropriate license to operate the truck.

-    In failing to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith.

-    In failing to provide the decedent, Esequiel Santillan with a safe place to sit when he was being transported by the driver of the flatbed truck, Jorge Calero.

-    In failing to provide adequate protection to the decedent, Esequiel Santillan from injury as a result of the displacement of property stowed on the flatbed truck.

The plaintiff Maria Santillan further claims that one or more of the foregoing was a proximate cause of decedent, Esequiel Santillan's injuries.

The defendants deny that they did any of the things claimed by plaintiff Maria Santillan and deny that any claimed act or omission on the part of the defendants was a proximate cause of the decedent, Esequiel Santillan's claimed injuries.


Plaintiff's Jury Instruction No. ___29___
IPI: 20.01 (Modified)

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

30

The plaintiff, Maria Santillan has the burden of proving each of the following propositions in the first count of her complaint:

-    First, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act or any regulation of the Act;

-    Second, that the decedent, Esequiel Santillan died;

-    Third, that the defendants' violation of either the Migrant and Seasonal Agricultural Protection Act or a regulation of the Act was a proximate cause of the death of the decedent, Esequiel Santillan;

-    Fourth, that the decedent, Esequiel Santillan incurred damages between the time of the defendants' wrongful acts or omissions and the decedent's death.

The plaintiff, Maria Santillan has the burden of proving each of the following propositions in the second count of her complaint:

-    First, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act or any regulation of the Act;

-    Second, that the decedent, Esequiel Santillan died;

-    Third, that the defendants' violation of either the Migrant and Seasonal Agricultural Protection Act or a regulation of the Act was a proximate cause of the death of the decedent, Esequiel Santillan;

-    Fourth, that the decedent, Esequiel Santillan was survived by a spouse and/or next of kin.

The Plaintiff, Maria Santillan has the burden of proving each of the following propositions in the third count of her complaint.

-    First, that the defendants acted or failed to act in one of the ways claimed by the plaintiff, Maria Santillan as stated to you in these instructions and that in so acting, or failing to act, the defendants were negligent;

-    Second, that the decedent, Esequiel Santillan died;

-    Third, that the negligence of the defendants was a proximate cause of the death of the decedent, Esequiel Santillan.

-       Fourth, that the decedent, Esequiel Santillan incurred damages between the time of the defendants' wrongful acts or omissions and the decedent's death.

The Plaintiff, Maria Santillan has the burden of proving each of the following propositions in the fourth count of her complaint.

-       First, that the defendants acted or failed to act in one of the ways claimed by the plaintiff, Maria Santillan as stated to you in these instructions and that in so acting, or failing to act, the defendants were negligent;

-       Second, that the decedent, Esequiel Santillan died;

-       Third, that the negligence of the defendants was a proximate cause of the death of the decedent, Esequiel Santillan.

-       Fourth, that the decedent, Esequiel Santillan was survived by a spouse and/or next of kin.

In order to recover in this action, the plaintiff, Maria Santillan must prove all of the propositions in at least one count.  If you find from your consideration of all the evidence that all of the propositions in either count have been proven, then your verdict should be for the plaintiff, Maria Santillan to that count.  But if, on the other hand, you find from your consideration of all the evidence that there is no count in which all of the propositions have been proved, then your verdict should be for the defendants.

Plaintiff's Jury Instruction No. ___30___
IPI: 21.02.0.2 (Modified)
29 U.S.C. § 1854

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

32

If you decide for the plaintiff, Maria Santillan on the question of liability on either count one or count three, you must then fix the amount of money which will reasonably and fairly compensate the estate for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendants during the period between the time of the decedent's injuries and the time of his death, taking into consideration the nature extent, and duration of the injury:

-    The pain and suffering experienced;

-    The reasonable expense of necessary medical care, treatment, and services received.

Plaintiff's Jury Instruction No.    31
IPI: 31.10

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

33

If you decide for the plaintiff, Maria Santillan on the question of liability on either count two or count four, you must then fix the amount of money which will reasonably and fairly compensate the widow and next of kin of the decedent for the pecuniary loss proved by the evidence to have resulted to the widow and next of kin from the death of the decedent. "Pecuniary loss" may include loss of money, goods, services, society, and sexual relations.

Where a decedent leaves a widow and next of kin, the law recognizes a presumption that the widow and next of kin have sustained some substantial pecuniary loss by reason of the death. The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What money, goods, and services the decedent customarily contributed in the past;

2. What money, goods, and services the decedent was likely to have contributed to the future;

3. Decedent's personal expenses and other deductions;

4. What instruction, moral training, and superintendence of education the decedent might reasonably have been expected to give his child had he lived.

5. His age;

6. His sex;

7. His health;

8. His habits of industry, sobriety, and thrift;

9. His occupational abilities;

10. The marital relationship that existed between Carmen Santillan and Esequiel Santillan.

11. The relationship between the next of kin, Cecilia Santillan, Adriana Santillan, Ana P. Pizano, Nora Santillan, Laura L. Vasquez, Claudia Santillan, Maria S. Garcia, Gloria Munoz, Juan R. Santillan and the decedent, Esequiel Santillan.

Plaintiff's Jury Instruction No.     32
IPI: 31.04

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

Plaintiff's Jury Instruction No. ___33___
IPI: 31.11

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

If you find for the plaintiff, Maria Santillan on either count two or count four, then in assessing damages you may consider how long Carmen Santillan and the next of kin will be likely to sustain pecuniary losses as a result of Esequiel Santillan's death, considering how long Esequiel Santillan was likely to have lived and how long Carmen Santillan and the next of kin are likely to live.

In calculating the amount of these pecuniary losses consisting of money, goods, or services, you must not simply multiply the life expectancies by the annual losses, Instead, you must determine their present cash value.  "Present cash value" means the sum may reasonably be expected to earn in the future, will equal the amounts of those pecuniary losses at the times in the future when they will be sustained.

Damages for loss of sexual relations and loss of society are not reduced to cash value.

Plaintiff's Jury Instruction No. ____34____
IPI: 31.12

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

The defendants Terry Schaafsma and Bruce Schaafsma are sued as the principal and the plaintiffs claim that Jorge Calero was acting as the agent of Terry and Bruce Schaafsma at the time of the occurrence.  The defendants Terry and Bruce Schaafsma deny that Jorge Calero was acting as their agent at the time of the occurrence.

If you find that Jorge Calero was the agent of the defendants Terry and Bruce Schaafsma at the time of the occurrence, then any act or omission of Jorge Calero at that time was in law the act or omission of the defendants.

If you find that Jorge Calero was not acting as the agent of the defendants at the time of the occurrence, then the defendants are not liable for Jorge Calero's acts or omissions.

Plaintiff's Jury Instruction No. ____35____
IPI: 50.04

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

38

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affair or does some service for the principal, with or without compensations.  The agreement may be oral or written, express or implied.

Plaintiff's Jury Instruction No. ____36____
IPI: 50.05

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

39

If you decide that the flatbed truck being driven by Jorge Calero was owned by the defendants, you may infer from such evidence that Jorge Calero was acting as the agent of the owners and within the scope of his authority, unless you find that inference is overcome by other believable evidence.  You may consider that inference and any other evidence in the case in deciding whether Jorge Calero was acting as agent and within the scope of his authority as the defendants' agent.

Plaintiff's Jury Instruction No. ___37___
IPI: 50.07

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

At the time of the occurrence in question, the Migrant and Seasonal Agricultural Protection Act provided that each agricultural employer when using, or causing to be used, any vehicle for providing transportation of any migrant or seasonal agricultural worker ensure that each driver has a valid and appropriate license, as provided by State law, to operate the vehicle.

If you decide that the defendants violated the act on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, defendants were negligent before and at the time of the occurrence.

Plaintiff's Jury Instruction No. ___38___
IPI: 60.01 (Modified)
29 U.S.C. § 1841 (a) & (b)(1)(B)

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

41

At the time of the occurrence in question, administrative regulations for the Migrant and Seasonal Agricultural Protection Act provided that any agricultural employer providing transportation in vehicles other than passenger automobiles and station wagons used for transportation shall comply with the following motor carrier safety standards:

-    No person shall drive, nor shall any person require or permit any person to drive any motor vehicle unless such person possesses a valid permit qualifying the driver to operate the type of vehicle driven by him in the jurisdiction by which the permit is issued.

-    No vehicle transporting persons and property shall be driven unless such property is stowed in a manner which will assure adequate protection to passengers and others from injury as a result of the displacement or falling of such articles.

-    Every motor vehicle transporting passengers, other than a bus, shall have a passenger compartment meeting the following requirements:

    -    Side walls and ends above the floor at least 60 inches high, by attachment of sideboards to the permanent construction if necessary.  Stake body construction shall be construed to comply with this requirement only if six inch or layer spaces between stakes are suitably closed to prevent passengers from falling off the vehicle.

    -    A seat shall be provided for each worker transported.  The seats shall be: Securely attached to the vehicle during the course of transportation; not less than 16 inches nor more than 19 inches above the floor; at least 13 inches deep; equipped with backrests extending to a height of at least 36 inches above the floor, with at least 24 inches of space between the backrests or between the edges of the opposite seats when face to fact; designed to provide at least 18 inches of seat for each passenger; without cracks more than two inches wide, and the exposed surfaces, if made of wood, planed or sanded smooth and free of splinters.

If you decide that the defendants violated any of the regulations on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, the defendants were negligent before and at the time of the occurrence.

42

Plaintiff's Jury Instruction No. ____39____
IPI: 60.01 (Modified)
29 C.F.R. 500.101(b)(iii)IE); 29 C.F.R. 500.10(b)(vii)(3); 29 C.F.R. 500.10(b)(3)(B) & (D)

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

The term "agricultural employer" means any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruit, solicit, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker.

Plaintiff's Jury Instruction No. ____40____
Non Pattern Instruction
29 U.S.C. § 1802(2)

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

44

The term "seasonal agricultural worker" means an individual who is employed in agricultural employment of a seasonal or other temporary nature and is not required to be absent overnight from his permanent place of residence when employed on a farm or ranch performing field work related to planting, cultivating, or harvesting operations.

Plaintiff's Jury Instruction No. ____41____
Non Pattern Instruction
29 U.S.C. § 1802 (10)(A)

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

The term "migrant agricultural worker" means an individual who is employed in agricultural employment of a seasonal or other temporary nature, and who is required to be absent overnight from his permanent place of residence.

Plaintiff's Jury Instruction No. _____42_____
Non Patten Instruction
29 U.S.C. § 1802(8)(A)

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Plaintiff's Jury Instruction No. ___43___
Seventh Circuit Patten Civil Jury Instruction: 1.31

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Plaintiff's Jury Instruction No. ___44___
Seventh Circuit Patten Civil Jury Instruction: 1.32

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

Lopez Verdict Form A

As to the negligence count, We, the jury, find for Rigoberto Lopez on Rigoberto Lopez's complaint and against Terry Schaafsma and Bruce Schaafsma.  We assess Rigoberto Lopez's damages in the sum of $_____, itemized as follows:

$_____          For disability and disfigurement resulting from the injury.

$_____          For the pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

$_____          For the reasonable expense of necessary medical care, treatment, and services received.

$_____          For the value of earnings lost.

_____          _____
Foreperson

_____          _____

_____          _____

Plaintiff's Jury Instruction No. ____45____
IPI: 45.06

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

49

Lopez Verdict Form B

As to the count based upon the Migrant and Seasonal Agricultural Workers Act, We, the jury, find for Rigoberto Lopez on Rigoberto Lopez's complaint and against Terry Schaafsma and Bruce Schaafsma. We assess Rigoberto Lopez's damages in the sum of $_____, itemized as follows:

$_____          For disability and disfigurement resulting from the injury.

$_____          For the pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

$_____          For the reasonable expense of necessary medical care, treatment, and services received.

$_____          For the value of earnings lost.


_____          _____
Foreperson


_____          _____


_____          _____


Plaintiff's Jury Instruction No. _____46_____
IPI: 45.06

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn


50

Lopez Verdict Form C

As to the negligence count, We, the jury, find against Rigoberto Lopez on Rigoberto Lopez's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____

Foreperson

_____          _____


_____          _____


_____          _____


Plaintiff's Jury Instruction No. ____47____
IPI: 45.08

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

51

Lopez Verdict Form D

As to the count based upon the Migrant and Seasonal Agricultural Workers Act, We, the jury, find against Rigoberto Lopez on Rigoberto Lopez's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____

Foreperson

_____

_____

Plaintiff's Jury Instruction No. ____48____
IPI: 45.08

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

Arias Verdict Form A

As to the negligence Count, We, the jury, find for Aquileo Arias on Aquileo Arias' complaint and against Terry Schaafsma and Bruce Schaafsma.  We assess Aquileo Arias' damages in the sum of $_____, itemized as follows:

$_____          For disability and disfigurement resulting from the injury.

$_____          For the pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

$_____          For the reasonable expense of necessary medical care, treatment, and services received.

$_____          For the value of earnings lost.

_____          _____
Foreperson

_____          _____


_____          _____


Plaintiff's Jury Instruction No.   ___49___
IPI: 45.06

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

53

Arias Verdict Form B

As to the Count based upon the Migrant and Seasonal Agricultural Workers Act, We, the jury, find for Aquileo Arias on Aquileo Arias' complaint and against Terry Schaafsma and Bruce Schaafsma.  We assess Aquileo Arias' damages in the sum of $_____, itemized as follows:

$_____          For disability and disfigurement resulting from the injury.

$_____          For the pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

$_____          For the reasonable expense of necessary medical care, treatment, and services received.

$_____          For the value of earnings lost.


_____          _____

Foreperson


_____          _____


_____          _____


Plaintiff's Jury Instruction No. ____50____
IPI: 45.06

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

Arias Verdict Form C

As to the negligence count, We, the jury, find against Aquileo Arias on Aquileo Arias' complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____          _____

Foreperson

_____          _____


_____          _____


Plaintiff's Jury Instruction No. ___51___
IPI: 45.08

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

55

Arias Verdict Form D

As to the count based upon the Migrant and Seasonal Agricultural Workers Act, We, the jury, find against Aquileo Arias on Aquileo Arias' complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____          _____

Foreperson

_____          _____


_____          _____

Plaintiff's Jury Instruction No.    52
IPI: 45.08

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

Santillan Verdict Form A

As to count one, We, the jury, find for Maria Santillan on Maria Santillan's complaint and against Terry Schaafsma and Bruce Schaafsma.   We assess Maria Santillan's damages in the sum of $_____, itemized as follows:

$_____        The pain and suffering experienced;

$_____        The reasonable expense of necessary medical care, treatment, and services received.

_____        _____

Foreperson

_____        _____

_____        _____

Plaintiff's Jury Instruction No.   ___53___
IPI: 45.06

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

Santillan Verdict Form B

As to count one, We, the jury, find against Maria Santillan on Maria Santillan's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____

Foreperson

_____

_____

_____

_____

_____

Plaintiff's Jury Instruction No.  ___54___
IPI: 45.08

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

58

Santillan Verdict Form C

As to count two, We, the jury, find for Maria Santillan on Maria Santillan's complaint and against Terry Schaafsma and Bruce Schaafsma.  We assess the damages for pecuniary loss in the sum of $_____, apportioned as follows:

$_____    Carmen Santillan    $_____    Adriana Santillan

$_____    Cecilia Santillan    $_____    Claudia Santillan

$_____    Maria S. Garcia    $_____    Ana P. Pizano

$_____    Gloria Munoz    $_____    Nora Santillan

$_____    Laura L. Vasquez    $_____    Juan R. Santillan


_____        _____

Foreperson


_____        _____


_____        _____


Plaintiff's Jury Instruction No. ____55____
IPI: 45.06

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

Santillan Verdict Form D

As to count two, We, the jury, find against Maria Santillan on Maria Santillan's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____          _____

Foreperson

_____          _____


_____          _____




Plaintiff's Jury Instruction No. _____56_____
IPI: 45.08

_____          Given

_____          Given as Modified

_____          Refused

_____          Withdrawn

60

Santillan Verdict Form E

As to count three, We, the jury, find for Maria Santillan on Maria Santillan's complaint and against Terry Schaafsma and Bruce Schaafsma.   We assess Maria Santillan's damages in the sum of $_____, itemized as follows:

$_____        The pain and suffering experienced;

$_____        The reasonable expense of necessary medical care, treatment, and services received.


_____        _____
Foreperson


_____        _____


_____        _____


Plaintiff's Jury Instruction No.  ___57___
IPI: 45.06

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

Santillan Verdict Form F

As to count three, We, the jury, find against Maria Santillan on Maria Santillan's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____

Foreperson

_____

_____

Plaintiff's Jury Instruction No. ____58____

IPI: 45.08

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

62

Santillan Verdict Form G

As to count four, We, the jury, find for Maria Santillan on Maria Santillan's complaint and against Terry Schaafsma and Bruce Schaafsma.  We assess the damages for pecuniary loss in the sum of $_____, apportioned as follows:

$_____    Carmen Santillan    $_____    Adriana Santillan

$_____    Cecilia Santillan    $_____    Claudia Santillan

$_____    Maria S. Garcia    $_____    Ana P. Pizano

$_____    Gloria Munoz    $_____    Nora Santillan

$_____    Laura L. Vasquez    $_____    Juan R. Santillan


_____    _____

Foreperson


_____    _____


_____    _____


Plaintiff's Jury Instruction No. ____59____
IPI: 45.06

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

63

Santillan Verdict Form H

As to count four, We, the jury, find against Maria Santillan on Maria Santillan's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____    _____

Foreperson

_____    _____

_____    _____

Plaintiff's Jury Instruction No. \_\_\_60\_\_\_

IPI: 45.08

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn

64

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Plaintiff's Jury Instruction No.  ___61___
Seventh Circuit Patten Civil Jury Instruction: 1.33

_____        Given

_____        Given as Modified

_____        Refused

_____        Withdrawn