IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS,<br>    Plaintiffs, | ) ) ) ) ) ) ) | |
| v. | ) ) | No. 04 - 2284 |
| TERRY SCHAAFSMA and BRUCE SCHAAFSMA both d/b/a THE GRAND FARM and both d/b/a SCHAAFSMA FARM,<br>    Defendants. | ) ) ) ) ) ) | |

### RESPONSE TO MOTION IN LIMINE

Now come Plaintiffs, MARIA SANTILLAN as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS, by THOMAS E. McCLURE, their attorney, and as their response to the Defendants' September 26, 2006 motion in limine state as follows:

1.   After the court's partially granted an initial motion in limine, Defendants filed a second motion in limine challenging the proffered testimony of economist Dr. Stan Smith as to the following losses stemming from ESQEQUIEL SANTILLAN 's death: (a) loss of wages, benefits, and social security; (b) loss of household/family housekeeping and management services; (c) loss of household/family guidance services; and (d) loss of household/family accompaniment services.

2.   Defendants' motion is supported by Dr. Edward Sattler's letter report.

1

3. The rationale contained in Dr. Sattler's letter does not justify the exclusion of any of Dr. Smith's testimony.

### Wage Loss

4. Dr. Sattler's objection to the wage loss calculation is directed to Dr. Smith's work life assumption. Sattler's conclusions are incorrect for the following reasons:

   a. Dr. Sattler incorrectly states that Smith assumes that the decedent would work until his death at age 82. Dr. Smith's table shows a cumulative loss through each year of the decedent's life expectancy. The illustrative age is 75, not 82. The trier of fact would determine the appropriate age.

   b. Work life is irrelevant because Illinois is an earnings capacity state. Table 7 permits the jury to decide the year to which the decedent was capable of working.

   c. Dr. Sattler offers no alternative method to calculation of future wage loss.

   d. Dr. Sattler incorrectly states that Dr. Smith assumed a wage loss of $35,157 per year. In fact, the Smith calculation of $35,157 is the entire wage loss through age 75.

### Social Security Loss

5. The motion in limine seeks exclusion of the loss of Social Security benefits. Dr. Sattler's letter does not mention this element of damages in his letter.

**Housekeeping Services**

6.  The motion in limine seeks exclusion of the loss of housekeeping service. Dr. Sattler has no criticism of Dr. Smith's housekeeping service loss. To the contrary, Sattler acknowledges that housekeeping services is a recognized element of damages and that Dr. Smith's methodology is appropriate. Indeed, on page 2 of his report, he states, "Household services calculations such as cleaning, shopping, cooking, home repair, and maintenance have been measured in studies and valued at replacement costs."

**Guidance Services & Accompaniment Services**

7.  Dr. Sattler erroneously criticizes Dr. Smith's guidance services & accompaniment services calculations for the following reasons:

    a.  Dr. Sattler incorrectly states that Dr. Smith only relies on one article for his calculations. In fact, Dr. Smith relies on two professional publications for this methodology.. (E.g., Tinari, F., Household Services: Toward a More Comprehensive Measure, 11(3) *Journal of Forensic Economics* 253 (1998); Jungbauer, W. and Odegard, M., *Maximizing Recovery in FELA Wrongful Death Actions*, Assessing Family Loss in Wrongful Death Litigation: The Special Roles Lost Services and Personal Consumption (Lawyers & Judges Publishing Co. 1999 at 284). Dr. Smith's report is also based on two legal decisions. Michigan Central Railroad Co. v. Vreeland, 227 U.S. 59 (1913); Green v. Bittner, 85 N.J. 1, 12 (1980) There is no peer-reviewed criticism of the publications. If the methodology is flawed, Dr. Sattler could have presented his critique in a peer-reviewed journal.

3

    b.    Dr. Sattler improperly states that the decedent's services were calculated for his "brothers" rather than his children. Dr. Smith's report calculates losses for the decedent's widow, his 8 daughters, and one son.

    c.    Dr. Sattler states that the Tinari article contains significant qualifiers that limit its use for actual case calculations. However, Tinari in practice uses the same approach taken by Dr. Smith in calculating this element of damages. See An Appraisal of Economic Loss Resulting From the Death of Mary P. Coskco, attached hereto and incorporated herein as Exhibit.)

    d.    Dr. Sattler claims that Dr. Smith's hours are "totally unrealistic." He fails to provide a basis for this critique. Dr. Smith's calculations arte based upon his interview with the decedent's widow.

    e.    The wage rates applied by Dr. Smith are consistent with Tinari and Vreeland.

WHEREFORE, Plaintiffs, MARIA SANTILLAN as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS, pray that the September 26, 2006 motion in limine be denied.

                      MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS, Plaintiffs,

                      By: S/ Thomas E. McClure
                      THOMAS E. McCLURE

Attorney for Plaintiffs
Elliott & McClure, P.C.
18 Briarcliff Professional Center
Bourbonnais, IL  60914
815-935-1117
Fax:  815-935-1141
E-mail:  tkbbmac@keynet.net

**CERTIFICATE OF SERVICE**

I, THOMAS E. McCLURE, certify that on October 9, 2006, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to the following individual: Tony L. Brasel, tlbrasel@daca.net.

By: S/ Thomas E. McClure
THOMAS E. McCLURE
Attorney for Plaintiffs
Elliott & McClure, P.C.
18 Briarcliff Professional Center
Bourbonnais, IL  60914
815-935-1117
Fax:  815-935-1141
E-mail:  tkbbmac@keynet.net