E-FILED
Tuesday, 10 October, 2006  04:34:17 PM
Clerk, U.S. District Court, ILCD

The parties have stipulated, or agreed to the following:

1. Maria Santillan is the special administrator of the Estate of Esequiel
   Santillan.

2. Terry Schaafsma and Bruce Schaafsma are co-owners of The Schaafsma
   Vegetable Farm, a vegetable farming operation located in rural Kankakee
   County, Illinois.

3. On September 8, 2004, Terry and Bruce Schaafsma owned a 1983 Ford
   flatbed truck that they used for the farming operation at the Schaafsma
   Vegetable Farm.

4. The 1983 Ford flatbed truck has seating for the driver and one passenger in
   the cab of the vehicle and no individual seats on the flatbed.

5. On September 8, 2004, Bruce Schaafsma loaded crates of rotten melons onto
   the flatbed of the 1983 Ford truck.

6. Jorge Calero drove the 1983 Ford truck on a public highway to the field where
   the watermelons were to be disposed. Alfredo Fredi sat next to Jorge in the
   cab. Esequiel Santillan, Rigoberto Lopez, Aquileo Arias, and Fidel Lopez
   stood on the flatbed with the melons.

7. The workers dumped the rotten melons in the field.

8. Jorge Calero drove the flatbed truck onto the public highway and headed back
   to the farm building. Alfredo Fredi sat in the cab while Esequiel Santillan,
   Rigoberto Lopez, Aquileo Arias, and Fidel Lopez stood on the flatbed with
   the empty crates.

9.  On the return trip, Esequiel Santillan, Rigoberto Lopez and Aquileo Arias all
    fell off the flatbed.

10. The three men were taken to Riverside Medical Center by ambulance.

You must now treat these facts as having been proved for the purpose of this case.

Defendant's Instruction No. ____I____
Seventh Circuit Pattern Civil Jury Instruction: 2.05

____    Given

____    Given as Modified

____    Refused

____    Withdrawn

The Plaintiff, Rigoberto Lopez claims that he was injured and sustained damage, and that the Defendants knowingly failed to comply with the Migrant and Seasonal Agricultural Protection Act in the following respects:

Knowingly failed to ensure that the driver of the flatbed truck, Jorge Calero, had the required valid and appropriate license to operate the truck.

Knowingly failed to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith.

Knowingly failed to insure that persons being transported were provided with a proper seat.

Knowingly failed to provide adequate protection to the Plaintiff, Rigoberto Lopez from injury as a result of the displacement of property stowed on the flatbed truck.

The Plaintiff Rigoberto Lopez further claims that one or more of the foregoing was a proximate cause of his injuries.

The Defendants deny that they did any of the things claimed by Plaintiff Rigoberto Lopez and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the Plaintiff, Rigoberto Lopez's claimed injuries.

The Defendants further deny that the Plaintiff, Rigoberto Lopez was injured or sustained damages to the extent claimed.

Defendant's Instruction No. 2
I.P.I.: 20.01

_____ Given
_____ Given as Modified
_____ Refused
_____ Withdrawn

The Plaintiff, Rigoberto Lopez, in the count of negligent entrustment claims that he was injured and sustained damage, and that the Defendants were negligent in the following respect:

Knew or should have known that Jorge Calero was an unlicensed driver.

The Plaintiff, Rigoberto Lopez further claims that one or more of the foregoing was a proximate cause of his injuries.

The Defendants deny that they did any of the things claimed by Plaintiff Rigoberto Lopez and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the Plaintiff, Rigoberto Lopez's claimed injuries.

The Defendants further deny that the Plaintiff, Rigoberto Lopez was injured or sustained damages to the extent claimed.

Defendant's Instruction No. _3_
I.P.I.: 20.01

____     Given

____     Given as Modified

____     Refused

____     Withdrawn

The Plaintiff, Rigoberto Lopez has the burden of proving each of the following propositions in the count of his complaint concerning violation of the Migrant and Seasonal Agricultural Protection Act.

- First, that the Migrant and Seasonal Agricultural Protection Act applied to the Plaintiff;
- Second, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act;
- Third, that the Plaintiff, Rigoberto Lopez was injured;
- Fourth, that the Defendants' violation of the Migrant and Seasonal Agricultural Protection Act was a proximate cause of the injury to Plaintiff, Rigoberto Lopez.

The Plaintiff, Rigoberto Lopez has the burden of proving each of the following propositions in the count of negligent entrustment:

- First, that the Defendants acted or failed to act in one of the ways claimed by the specific Plaintiff, Rigoberto Lopez as stated to you in these instructions and that in so acting, or failing to act, the Defendants were negligent;
- Second, that the Plaintiff, Rigoberto Lopez was injured;
- Third, that the negligence of the Defendants was a proximate cause of the injury to the Plaintiff, Rigoberto Lopez.

In order to recover in this action, the plaintiff, Rigoberto Lopez must prove all of the propositions in at least one count. If you find from your consideration of all the evidence that all of the propositions in either count have been proven, then your verdict should be

for the Plaintiff, Rigoberto Lopez to that count.  But if, on the other hand, you find from

your consideration of all the evidence that there is no count in which all of the

propositions have been proved, then your verdict should be for the Defendants.

Defendant's Instruction No. __4__
I.P.I.: 21.02.0.2 (Modified)
29 U.S.C. 1854

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

If you decided for the Plaintiff, Rigoberto Lopez on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendants, taking into consideration the nature, extent, and duration of the injury.

-       The reasonable expense of necessary medical care, treatment, and services received.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Defendant's Instruction No. ___5___
I.P.I.: 30.01, 30.04, 30.05, 30.06, 30.07
29 U.S.C. 1854

_____       Given

_____       Given as Modified

_____       Refused

_____       Withdrawn

The Plaintiff, Aquileo Arias claims that he was injured and sustained damage, and that the Defendants knowingly failed to comply with the Migrant and Seasonal Agricultural Protection Act in the following respects:

Knowingly failed to ensure that the driver of the flatbed truck, Jorge Calero, had the required valid and appropriate license to operate the truck.

Knowingly failed to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith.

Knowingly failed to insure that persons being transported were provided with a proper seat.

Knowingly failed to provide adequate protection to the Plaintiff, Aquileo Arias from injury as a result of the displacement of property stowed on the flatbed truck.

The Plaintiff Aquileo Arias further claims that one or more of the foregoing was a proximate cause of his injuries.

The Defendants deny that they did any of the things claimed by Plaintiff Aquileo Arias and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the Plaintiff, Aquileo Arias' claimed injuries.

The Defendants further deny that the Plaintiff, Aquileo Arias was injured or sustained damages to the extent claimed.

Defendant's Instruction No. ___/___
I.P.I.: 20.01

____    Given
____    Given as Modified
____    Refused
____    Withdrawn

The Plaintiff, Aquileo Arias, in the count of negligent entrustment claims that he was injured and sustained damage, and that the Defendants were negligent in the following respect:

Knew or should have known that Jorge Calero was an unlicensed driver.

The Plaintiff, Aquileo Arias further claims that one or more of the foregoing was a proximate cause of his injuries.

The Defendants deny that they did any of the things claimed by Plaintiff Aquileo Arias and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the Plaintiff, Aquileo Arias' claimed injuries.

The Defendants further deny that the Plaintiff, Aquileo Arias was injured or sustained damages to the extent claimed.

Defendant's Instruction No. ___7___
I.P.I.: 20.01

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

The Plaintiff, Aquileo Arias has the burden of proving each of the following propositions in the count of his complaint concerning violation of the Migrant and Seasonal Agricultural Protection Act.

- First, that the Migrant and Seasonal Agricultural Protection Act applied to the Plaintiff;
- Second, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act;
- Third, that the Plaintiff, Aquileo Arias was injured;
- Fourth, that the Defendants' violation of the Migrant and Seasonal Agricultural Protection Act was a proximate cause of the injury to Plaintiff, Aquileo Arias.

The Plaintiff, Aquileo Arias has the burden of proving each of the following propositions in the count of negligent entrustment:

- First, that the Defendants acted or failed to act in one of the ways claimed by the specific Plaintiff, Aquileo Arias as stated to you in these instructions and that in so acting, or failing to act, the Defendants were negligent;
- Second, that the Plaintiff, Aquileo Arias was injured;
- Third, that the negligence of the Defendants was a proximate cause of the injury to the Plaintiff, Aquileo Arias.

In order to recover in this action, the plaintiff, Aquileo Arias must prove all of the propositions in at least one count. If you find from your consideration of all the evidence that all of the propositions in either count have been proven, then your verdict should be for the Plaintiff, Aquileo Arias to that count. But if, on the other hand, you find from

your consideration of all the evidence that there is no count in which all of the
propositions have been proved, then your verdict should be for the Defendants.

Defendant's Instruction No. _8_
I.P.I.: 21.02.0.2 (Modified)
29 U.S.C. 1854

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

If you decided for the Plaintiff, Aquileo Arias on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendants, taking into consideration the nature, extent, and duration of the injury.

-   The reasonable expense of necessary medical care, treatment, and services received.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Defendant's Instruction No. 9
I.P.I.: 30.01, 30.04, 30.05, 30.06, 30.07
29 U.S.C. 1854

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

At the time of the occurrence in question, administrative regulations for the Migrant and Seasonal Agricultural Protection Act provided that any agricultural employer providing transportation in vehicles other than passenger automobiles and station wagons used for transportation shall comply with the following motor carrier safety standards:

No person shall drive, nor shall any person require or permit any person to drive any motor vehicle unless such person possesses a valid permit qualifying the driver to operate the type of vehicle driven by him in the jurisdiction by which the permit is issued.

No vehicle transporting persons and property shall be driven unless such property is stowed in a manner which will assure:  (1) Unrestricted freedom of motion to the driver for proper operation of the vehicle; (2) unobstructed passage to all exits by any person; and (3) adequate protection to passengers and others from injury as a result of the displacement or falling of such articles.

If you decide that the Defendants violated any of the regulations on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, the Defendants were negligent before and at the time of the occurrence.

Defendant's Instruction No. ___10___
I.P.I.: 60.01 (Modified)

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

The term "seasonal agricultural worker" means an individual who is employed in agricultural employment of a seasonal or other temporary nature and is not required to be absent overnight from his permanent place of residence when employed on a farm or ranch performing field work related to planting, cultivating, or harvesting operations.

The term "seasonal agricultural worker" does not include (i) any migrant agricultural worker, (ii) any immediate family member of an agricultural employer or a farm labor contractor; or (iii) any temporary nonimmigrant alien who is authorized to work in agricultural employment in the United States.

Defendant's Instruction No. \_\_11\_\_

Non Pattern Instruction

29 U.S.C. 1802 (10) (a) (b)

The term "migrant agricultural worker" means an individual who is employed in agricultural employment of a seasonal or other temporary nature, and who is required to be absent overnight from his permanent place of residence.

The term "migrant agricultural worker" does not include (i) any immediate family member of an agricultural employer or a farm labor contractor; or (ii) any temporary nonimmigrant alien who is authorized to work in agricultural employment in the United States.

Defendant's Instruction No. 12

Non Pattern Instruction

29 U.S.C. 1802 (8) (a) (b)

The term "day haul operation" means the assembly of workers at a pick-up point waiting to be hired and employed, transportation of such workers to agricultural employment, and the return of such workers to a drop-off point on the same day.

Defendant's Instruction No. ____14____

Non Pattern Instruction

29 U.S.C. 1802 (4) (a)

The term "farm labor contracting activity" means recruiting, soliciting, hiring,

employing, furnishing, or transporting any migrant or seasonal agricultural workers.

Defendant's Instruction No. 15

Non Pattern Instruction

29 U.S.C. 1802 (6) (a)

The Plaintiff, Maria Santillan claims that the decedent, Esequiel Santillan was injured and sustained damage, and that the Defendants knowingly failed to comply with the Migrant and Seasonal Agricultural Protection Act in the following respects:

Knowingly failed to ensure that the driver of the flatbed truck, Jorge Calero, had the required valid and appropriate license to operate the truck.

Knowingly failed to instruct their officers, agents, representatives and drivers with respect to the requirements to obey safe driving regulations, and failed to take such measures as were necessary to insure compliance therewith.

Knowingly failed to insure that persons being transported were provided with a proper seat.

Knowingly failed to provide adequate protection to the decedent, Esequiel Santillan from injury as a result of the displacement of property stowed on the flatbed truck.

The Plaintiff Maria Santillan further claims that one or more of the foregoing was a proximate cause of decedent, Esequiel Santillan's injuries.

The Defendants deny that they did any of the things claimed by Plaintiff Maria Santillan and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the decedent, Esequiel Santillan's claimed injuries.

Defendant's Instruction No. 16
I.P.I.: 20.01

_____ Given
_____ Given as Modified
_____ Refused
_____ Withdrawn

The Plaintiff, Maria Santillan claims that the decedent, Esequiel Santillan, in the count of negligent entrustment claims that decedent, Esequiel Santillan was injured and sustained damage, and that the Defendants were negligent in the following respect:

Knew or should have known that Jorge Calero was an unlicensed driver.

The Plaintiff, Maria Santillan further claims that one or more of the foregoing was a proximate cause of decedent, Esequiel Santillan's injuries.

The Defendants deny that they did any of the things claimed by Plaintiff, Maria Santillan and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the decedent, Esequiel Santillan's claimed injuries.

Defendant's Instruction No. 17
I.P.I.: 20.01

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

The Plaintiff, Maria Santillan has the burden of proving each of the following propositions in her survival action concerning violation of the Migrant and Seasonal Agricultural Protection Act.

- First, that the Migrant and Seasonal Agricultural Protection Act applied to the Plaintiff;
- Second, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act;
- Third, that the decedent, Esequiel Santillan died;
- Fourth, that the Defendants' violation of the Migrant and Seasonal Agricultural Protection Act was a proximate cause of the injury to decedent, Esequiel Santillan.
- Fifth, that the decedent, Esequiel Santillan incurred damages between the time of the defendants' wrongful acts or omissions and the decedent's death.

The Plaintiff, Maria Santillan has the burden of proving each of the following propositions in her wrongful death action concerning violation of the Migrant and Seasonal Agricultural Protection Act.

- First, that the Migrant and Seasonal Agricultural Protection Act applied to the Plaintiff;
- Second, that the defendants intentionally violated any provision of the Migrant and Seasonal Agricultural Protection Act;
- Third, that the decedent, Esequiel Santillan died;

- Fourth, that the Defendants' violation of the Migrant and Seasonal Agricultural Protection Act was a proximate cause of the injury to decedent, Esequiel Santillan.
- Fifth, that the decedent, Esequiel Santillan was survived by a spouse and/or next of kin.

The Plaintiff, Maria Santillan has the burden of proving each of the following propositions in the survival action based upon negligent entrustment:

- First, that the Defendants acted or failed to act in one of the ways claimed by the specific Plaintiff, Maria Santillan as stated to you in these instructions and that in so acting, or failing to act, the Defendants were negligent;
- Second, that the decedent, Esequiel Santillan died;
- Third, that the negligence of the Defendants was a proximate cause of the injury to the decedent, Esequiel Santillan.
- Fourth, that the decedent, Esequiel Santillan incurred damages between the time of the defendants' wrongful acts or omissions and the decedent's death.

The Plaintiff, Maria Santillan has the burden of proving each of the following propositions in her wrongful death action based upon negligent entrustment:

- First, that the Defendants acted or failed to act in one of the ways claimed by the specific Plaintiff, Maria Santillan as stated to you in these instructions and that in so acting, or failing to act, the Defendants were negligent;
- Second, that the decedent, Esequiel Santillan died;
- Third, that the negligence of the Defendants was a proximate cause of the injury to the decedent, Esequiel Santillan.

- Fourth, that the decedent, Esequiel Santillan incurred damages between the time of the defendants' wrongful acts or omissions and the decedent's death.

- Fifth, that the decedent, Esequiel Santillan was survived by a spouse and/or next of kin.

In order to recover in this action, the plaintiff, Maria Santillan must prove all of the propositions in at least one count. If you find from your consideration of all the evidence that all of the propositions in either count have been proven, then your verdict should be for the Plaintiff, Maria Santillan to that count. But if, on the other hand, you find from your consideration of all the evidence that there is no count in which all of the propositions have been proved, then your verdict should be for the Defendants.

Defendant's Instruction No. _13_
I.P.I.: 21.02.0.2 (Modified)
29 U.S.C. 1854

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**LOPEZ VERDICT FORM A**

As to the negligent entrustment count, We, the jury, find for Rigoberto Lopez on

Rigoberto Lopez's complaint and against Terry Schaafsma and Bruce Schaafsma. We

assess Rigoberto Lopez damages in the sum of $_____, itemized as follows:

$_____          For disability and disfigurement resulting from the injury.

$_____          For the pain and suffering experienced and reasonably
                     certain to be experienced in the future as a result of the
                     injuries.

$_____          For the reasonable expense of necessary medical care,
                     treatment, and services received.


_____          _____
Foreperson


_____          _____


_____          _____


Defendant's Instruction No. ___19___
I.P.I. No. 45.06

____    Given

____    Given as Modified

____    Refused

____    Withdrawn

**LOPEZ VERDICT FORM B**

As to the count based upon the Migrant and Seasonal Agricultural Workers Act,

We, the jury, find for Rigoberto Lopez on Rigoberto Lopez's complaint and against Terry

Schaafsma and Bruce Schaafsma. We assess Rigoberto Lopez's damages in the sum of

$_____, itemized as follows:

$_____          For the reasonable expense of necessary medical care,
                      treatment, and services received.


_____        _____

Foreperson


_____        _____


_____        _____


Defendant's Instruction No. _20_
I.P.I. No. 45.06

____    Given

____    Given as Modified

____    Refused

____    Withdrawn

**LOPEZ VERDICT FORM C**

As to the negligent entrustment count, We, the jury, find against Rigoberto Lopez

on Rigoberto Lopez's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____    _____
Foreperson

_____    _____

_____    _____

Defendant's Instruction No. _21_
I.P.I. No. 45.08

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

**ARIAS VERDICT FORM A**

As to the negligent entrustment count, We, the jury, find for Aquileo Arias on

Aquileo Arias' complaint and against Terry Schaafsma and Bruce Schaafsma.  We assess

Aquileo Arias' damages in the sum of $_____, itemized as follows:

$_____          For disability and disfigurement resulting from the injury.

$_____          For the pain and suffering experienced and reasonably
                     certain to be experienced in the future as a result of the
                     injuries.

$_____          For the reasonable expense of necessary medical care,
                     treatment, and services received.


_____    _____
Foreperson


_____    _____


_____    _____


Defendant's Instruction No. _22_
I.P.I. No. 45.06

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

**ARIAS VERDICT FORM B**

As to the count based upon the Migrant and Seasonal Agricultural Workers Act,

We, the jury, find for Aquileo Arias on Aquileo Arias' complaint and against Terry

Schaafsma and Bruce Schaafsma. We assess Aquileo Arias' damages in the sum of

$_____, itemized as follows:

$_____          For the reasonable expense of necessary medical care,
                     treatment, and services received.


_____    _____

Foreperson

_____    _____

_____    _____

Defendant's Instruction No. _23_
I.P.I. No. 45.06

____    Given

____    Given as Modified

____    Refused

____    Withdrawn

**ARIAS VERDICT FORM C**

As to the negligent entrustment count, We, the jury, find against Aquileo Arias on

Aquileo Arias' complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____    _____
Foreperson

_____    _____


_____    _____


Defendant's Instruction No. 24
I.P.I. No. 45.08

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

**SANTILLAN VERDICT FORM A**

As to the Survival Action based upon a violation of the Migrant and Seasonal

Agricultural Workers Act, We, the jury, find for Maria Santillan on Maria Santillan's

complaint against Terry Schaafsma and Bruce Schaafsma. We assess Maria Santillan's

damages in the sum of $_____, itemized as follows:

$_____        The reasonable expense of necessary medical care,
treatment, and services received.

_____     _____

Foreperson

_____     _____

_____     _____

Defendant's Instruction No. __2S__
I.P.I. No. 45.06

____     Given

____     Given as Modified

____     Refused

____     Withdrawn

**SANTILLAN VERDICT FORM B**

As to the Survival Action based upon the Migrant and Seasonal Agricultural

Workers Protection Act, We, the jury, find against Maria Santillan on Maria Santillan's

complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____    _____
Foreperson

_____    _____

_____    _____

Defendant's Instruction No. 26
I.P.I. No. 45.08

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

## SANTILLAN VERDICT FORM C

As to the Wrongful Death count based upon a violation of the Migrant and Seasonal Agricultural Workers Act, We, the jury, find for Maria Santillan on Maria Santillan's complaint and against Terry Schaafsma and Bruce Schaafsma. We assess the damages in the sum of $_____.

$_____          The reasonable expense of necessary medical care, treatment, and services received.

_____    _____
Foreperson

_____    _____

_____    _____

Defendant's Instruction No. _27_
I.P.I. No. 45.06

____   Given

____   Given as Modified

____   Refused

____   Withdrawn

## SANTILLAN VERDICT FORM D

As to the Wrongful Death count based upon the violation of the Migrant and

Seasonal Agricultural Workers Act, We, the jury, find against Maria Santillan on Maria

Santillan's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____        _____
Foreperson

_____        _____

_____        _____

Defendant's Instruction No. _28_
I.P.I. No. 45.08

____    Given

____    Given as Modified

____    Refused

____    Withdrawn

**SANTILLAN VERDICT FORM E**

As to the Survival Action based upon negligent entrustment, We, the jury, find for

Maria Santillan on Maria Santillan's complaint against Terry Schaafsma and Bruce

Schaafsma. We assess Maria Santillan's damages in the sum of $_____, itemized

as follows:

$_____          The pain and suffering experienced;

$_____          The reasonable expense of necessary medical care,
                       treatment, and services received.

_____    _____
Foreperson

_____    _____

_____    _____

Defendant's Instruction No. ___29___
I.P.I. No. 45.06

____    Given

____    Given as Modified

____    Refused

____    Withdrawn

## SANTILLAN VERDICT FORM F

As to the Survival Action based upon negligent entrustment, We, the jury, find against Maria Santillan on Maria Santillan's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____    _____
Foreperson

_____    _____

_____    _____

Defendant's Instruction No. 30
I.P.I. No. 45.08

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn

### SANTILLAN VERDICT FORM G

As to the Wrongful Death count based upon negligent entrustment, We, the jury,

find for Maria Santillan on Maria Santillan's complaint and against Terry Schaafsma and

Bruce Schaafsma. We assess the damages for pecuniary loss in the sum of $_____,

apportioned as follows:

| | | | |
|---|---|---|---|
| $_____ | Carmen Santillan | $_____ | Adriana Santillan |
| $_____ | Cecilia Santillan | $_____ | Claudia Santillan |
| $_____ | Maria S. Garcia | $_____ | Ana P. Pizano |
| $_____ | Gloria Munoz | $_____ | Nora Santillan |
| $_____ | Laura L. Vasquez | $_____ | Juan R. Santillan |

_____    _____

Foreperson

_____    _____

_____    _____

Defendant's Instruction No. 31
I.P.I. No. 45.06

____    Given

____    Given as Modified

____    Refused

____    Withdrawn

**SANTILLAN VERDICT FORM II**

As to the Wrongful Death based upon negligent entrustment, We, the jury, find against Maria Santillan on Maria Santillan's complaint and in favor of Terry Schaafsma and Bruce Schaafsma.

_____     _____
Foreperson

_____     _____

_____     _____

Defendant's Instruction No. __3 2__
I.P.I. No. 45.08

_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn