UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased; RIGOBERTO LOPEZ; and AQUIELO ARIAS,<br>              Plaintiffs,<br>    vs.<br><br>TERRY SCHAAFSMA and BRUCE SCHAAFSMA,<br>              Defendants. | CASE NO. 04-2284 |

**MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO DISMISS COUNTS BASED UPON
MIGRANT AND SEASONAL AGRICULTURAL WORKERS ACT**

Now come Plaintiffs, MARIA SANTILLAN, as Special Administrator of the Estate of ESEQUIEL SANTILLAN, Deceased, RIGOBERTO LOPEZ, and AQUILEO ARIAS, by THOMAS E. McCLURE, their attorney and as their memorandum of law in opposition to defendants' motion to dismiss, states as follows:

NATURE OF ACTION AND PROCEDURAL FACTS

This is a personal injury and wrongful death action brought pursuant to the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §1801 et seq. [hereinafter referred to as "the AWPA" or "the Act"] and state common law negligence. The court has federal question jurisdiction over the AWPA claims and supplemental jurisdiction over the negligence claims.

On March 15, 2005, the court entered a discovery order. The order provided, in pertinent part, that the deadline for filing case dispositive motions shall be December 3, 2006. The discovery order has not been amended.

1

The parties filed the pre-trial order on July 12, 2006. In their joint statement, the parties stipulated as follows:

"The court has jurisdiction over the subject matter of this action pursuant to the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §1854 & 28 U.S.C. §1331. The court has supplemental jurisdiction over the state common law claims pursuant to 28 U.S.C. §1391(b)." (Pre-trial Order, II, A. at 1-2.)

The parties also stipulated to the following uncontested facts:

"3. Terry and Bruce Schaafsma hired a number of Hispanic men on a seasonal basis to work at the Schaafsma Vegetable Farm.

"4. Terry and Bruce Schaafsma paid their hired help cash and kept no financial or personnel records for these workers." (Pre-trial Order, II, B. at 2.)

On October 10, 2006, defendants filed their motion to dismiss counts based upon the APWA along with a supporting affidavit. The jury trial begins on October 16, 2006.

### ARGUMENT

Defendants' motion to dismiss should be denied for three reasons. First, the motion is untimely. Second, the defendants stipulated to subject matter jurisdiction under the APWA. Finally, the affidavit filed in support of the motion is defective and cannot support the motion.

### A.

### DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BECAUSE IT IS UNTIMELY.

The court should deny defendants' motion to dismiss because it is not timely. The motion before the court was filed more than ten months after the deadline established in the discovery order for the filing of case dispositive motions.

Rule 16(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> "[The court]…shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, …enter a scheduling order that limits the time
>
> (1)    to join other parties to amend the pleadings;
>
> (2)    to file and hear motions; and
>
> (3)    to complete discovery.
>
> …
>
> The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. <u>A schedule shall not be modified except by leave of…[court] upon a showing of good cause</u>." (Emphasis added.)

Thus, the burden is upon the movant to provide good cause to file an amended pleading rather than upon the non-movant to show prejudice. See also U.S. District Court (C.D. IL) General and Civil Rule 6.1.

In the case at bar, the discovery order set the deadline for filing case dispositive motions for December 3, 2005. Defendants did not move for leave to extend this deadline. Defendants' motion to dismiss does not allege a basis to modify the discovery order. This court, therefore, cannot conclude that there is good cause to permit the late assertion of the defense. Thus, defendants did not meet their burden under Rule 16(b). Accordingly, defendants' motion to file first affirmative defense should be denied because it was filed more than ten months after the deadline set by the discovery order.

B.

## THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE DEFENDANTS STIPULATED THAT THERE IS JURISDICTION UNDER THE AWPA.

The court also should deny defendants' motion to dismiss because the parties have stipulated that there is federal jurisdiction of this case under the Act.

Defendants appear to assert that the filing of the motion to dismiss at this late stage in the litigation is appropriate because the APWA does not apply and therefore, the plaintiffs cannot maintain a claim based upon the Act. The claims giving rise to federal jurisdiction in this case are founded upon this APWA. In other words, defendants seem to argue that there is no subject matter jurisdiction.

The position taken in the motion to dismiss is at odds with the agreed statement of federal jurisdiction set forth in the pre-trial order. Indeed, the defendants specifically stipulated that the "court has jurisdiction over the subject matter of this action pursuant to the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §1854 & 28 U.S.C. §1331."  (Pre-trial Order, II, A. at 1-2.)   Defendants have provided the court with no reason to permit them to take an inconsistent position on the issue of subject matter jurisdiction on the eve of trial. Accordingly, the court should deny the motion to dismiss because the defendants have stipulated to federal jurisdiction under the APWA.

C.

## THE AFFIDAVIT FILED IN SUPPORT OF THE MOTION TO DISMISS IS DEFECTIVE AND SHOULD BE STRICKEN.

The affidavit filed in support of the motion is defective and should be stricken. This document is conclusionary. Moreover, the affiant's opinion as to personnel matters is undermined due to the absence of employee records to support his claim.

If a motion to dismiss asserts that the complaint should be dismissed for failure to state a claim upon which relief can be granted and the movant presents matters outside of the pleadings, then the motion shall be treated as one for summary judgment. See F.R.C.P. 12(b). Procedure for motions for summary judgment is governed by Rule 56. Evidentiary facts are required to support or oppose summary judgment. Conclusionary allegations without factual support are insufficient. See F.R.C.P. 56(e).

In the instant case, Defendant Bruce Schaafsma's affidavit provides, in part, as follows:

> "3. That I am aware of the number of people who worked for the Schaafsma Farm for the preceding year from the date of the accident that is the subject of this Complaint, being September 8, 2004.
>
> "4. That during the preceding year, the Defendants did not use more than Five hundred man-days agricultural labor during any calendar quarter."

(Affidavit in support of Motion to Dismiss Counts Based Upon the Migrant and Seasonal Agricultural Workers Act.)

These statements are purely conclusionary. The affidavit fails to list the employees for each pertinent quarter. The number of man-days for each employee is not set forth. Moreover, the affiant is in no position to enunciate the factual basis for such opinions. Indeed, the defendants stipulated that they "paid their hired help cash and kept no financial or personnel records for these workers." (Pre-trial Order, II, B. at 2.)

Thus, the motion should be denied because it is not sufficiently supported by an appropriate affidavit. The affidavit should be stricken as conclusionary.

CONCLUSION

Defendants' motion to dismiss should be denied because it was untimely filed. Furthermore, defendants' jurisdiction argument contradicts their stipulation to subject matter jurisdiction under the APWA.  Finally, Defendant Bruce Schaafsma's affidavit filed in support of the motion is defective, and therefore, cannot provide a basis for the motion.

>MARIA SANTILLAN, as Special Administrator of the ESTATE OF ESEQUIEL SANTILLAN, RIGOBERTO LOPEZ, and AQUILEO ARIAS,
>Plaintiffs,
>
>By: S/ Thomas E. McClure
>THOMAS E. McCLURE
>Attorney for Plaintiffs
>Elliott & McClure, P.C.
>18 Briarcliff Professional Center
>Bourbonnais, IL  60914
>815-935-1117
>Fax:  815-935-1141
>E-mail:  tkbbmac@keynet.net

## CERTIFICATE OF SERVICE

      I, THOMAS E. McCLURE, certify that on October 10, 2006, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to the following individual: Tony L. Brasel, tlbrasel@daca.net.

                                                     By: S/ Thomas E. McClure
                                                    THOMAS E. McCLURE
                                                    Attorney for Plaintiffs
                                                    Elliott & McClure, P.C.
                                                    18 Briarcliff Professional Center
                                                    Bourbonnais, IL  60914
                                                    815-935-1117
                                                    Fax:  815-935-1141
                                                    E-mail:  tkbbmac@keynet.net